JAMES W. CAMP as Executor, etc., Appellant, v. JAMES W. SMITH, Respondent.

The will of S. gave to M., plaintiff's testator, certain legacies, one of which was to be paid out of the proceeds of certain real estate which the executors were authorized to sell; any deficiency to be paid out of the general estate. Defendant was appointed executor and M. executrix; they both qualified. Defendant, however, was acting executor, receiving all the assets. At various times before the legacies became due defendant delivered to M. notes made by himself, his brother and a firm composed of himself and his brother, amounting in the aggregate to the amount of the legacies. M. gave back receipts as for so much cash received on account of the legacies. M. and defendant subsequently united in an account as executors, wherein defendant stated he had paid M. her legacies in full, which was not controverted by her. She appeared by counsel on final settlement and the surrogate's decree thereon adjudged said legacies to have been fully paid. Defendant received from the estate sufficient to pay the legacies. The notes so given were found in the possession of M. at her death with no payments indorsed thereon. In an action to charge defendant individually with the payment of the legacies, *held*, that, as it appeared that the notes were given and received in payment, no promise to pay otherwise on the part of

either of the makers could be implied; that the surrogate's decree was conclusive upon the question of payment, and after the acceptance of the notes, M. had no such interest remaining in the legacies as would afford a consideration for an implied promise to pay them; that the law implied a transfer of M.'s interest in the legacies; the fund from which they were payable passed to defendant, and he could lawfully appropriate it to his own use without liability therefor.

Also, *held*, that, as the complaint did not count upon the notes and the action was not tried as brought upon them, although they were received in evidence upon the trial, an order of General Term reversing a judgment in favor of plaintiff could not be reversed upon the theory that the action might be considered as one upon the notes.

Reported below, 49 Hun, 100.

(Argued October 24, 1889; decided November 26, 1889.)

APPEAL from order of the General Term of the Supreme Court in the first judicial department, made June 19, 1888, which reversed a judgment in favor of plaintiff, entered upon the report of a referee, and ordered a new trial.

The nature of the action and the material facts are sufficiently stated in the opinion.

*William Mitchell* for appellant. Mary Etta Camp, at and prior to the time when she received the notes from the defendant, had a claim against him personally. (*Schmittler* v. *Simon*, 101 N. Y. 554, 557, 558.) This individual obligation of the defendant, existing prior to the giving of the notes to Mary Etta Camp, has not been released, and the notes were not received in payment thereof. (*Paret* v. *Colby*, 6 Hun, 9; 71 N. Y. 597; *Vail* v. *Foster*, 4 id. 312, 314; *Cole* v. *Sackett*, 1 Hill, 516; *Hill* v. *Beebe*, 13 N. Y. 562; *Tobey* v. *Barber*, 5 Johns. 68; *Noel* v. *Murray*, 13 N. Y. 168; *Smith* v. *Ryan*, 66 id. 364.) If the notes be considered as accepted in payment of the original obligation, these notes are still valid obligations upon which the plaintiff is entitled to recover in this action. (*De Puy* v. *Strong*, 37 N. Y. 372; *Hess* v. *Nellis*, 1 T. & C. 118; Code Civ. Pro. §§ 488, 490, 498.) As there was no proof of application at the time of payment by either the debtor or creditor the application devolves upon the court, and, as between the cause of action named in the complaint herein and the bond and mortgage, the court prop-

erly applied all the payments proved herein to the cause of action herein. (*Smith* v. *Veile*, 60 N. Y. 106; *Bowe* v. *Gano*, 9 Hun, 6; *Field* v. *Holland*, 6 Cranch, 8; *Stone* v. *Seymour*, 15 Wend. 29; *Bank of California* v. *Webb*, 94 N. Y. 467, 472; *Thomas* v. *Kelsey*, 30 Barb. 268, 274; *Van Rossum* v. *Walker*, 11 id. 237; *Kirby* v. *Schoonmaker*, 3 Barb. Ch. 46; *Hulbert* v. *Dean*, 2 Keyes, 104; *Van Rensselaer* v. *Roberts*, 5 Denio, 470; *Forbes* v. *Garfield*, 32 Hun, 389) The books were incompetent as evidence of payment to a deceased creditor. There was no proof that the books were true. (*Manning* v. *Westeme*, 2 Vern. 607; *Heilbroun* v. *Bissell*, 1 Bailey's Eq. 430; *Frazer* v. *Binn*, 8 C. & P. 704; Munger on App. of Pay'mts, 28.) The referee properly disallowed such of the alleged payments which defendant attempted to prove by checks of defendant drawn to the order of cash or " M. E. C.," or Mary Etta Camp, and indorsed by defendant, and were for amounts not found in Mary Etta Camp's memorandum book, and not proved to have been paid to her by any other competent testimony. (*In re Kellogg*, 104 N. Y. 651; Code Civ. Pro. § 829; *Holcomb* v. *Holcomb*, 95 N. Y. 326.) The referee properly granted the motion to strike out the testimony of the defendant with reference to his alleged conversation with his deceased creditor, Mary Etta Camp. (*Kerr* v. *McGuire*, 28 N. Y. 451, 452; *Graffan* v. *Burgess*, 117 U. S. 180, 185–187.)

*Eugene H. Pomeroy* for respondent. The statute of limitatations is a complete bar, and no admission of the debt will avoid the discharge, unless made under circumstances which indicate a willingness to pay. (*Bloodgood* v. *Bruen*, 8 N. Y. 369; *Turner* v. *Martin*, 4 Robt. 664; *Fiske* v. *Hibbard*, 13 J. & S. 333; *Loomis* v. *Decker*, 1 Daly, 188; *Graham* v. *Keyes*, 5 Casey, 189; *Arnold* v. *Dowing*, 11 Barb. 554; *Stafford* v. *Bryan*, 3 Wend. 532.) The referee was in error in excluding evidence of payments which would have, if admitted, completely extinguished the debt. (1 Taylor on Ev. 27, § 1; *Elmon* v. *Jacques*, 60 N. Y. 610.)

RUGER, Ch. J. This action was brought and tried upon the theory that the defendant, while being an executor, became personally indebted to the plaintiff's testatrix, his co-executor, for the payment of certain legacies made to such testatrix by William Smith in his last will.

William Smith died in the fall of 1875, leaving a last will and testament wherein he appointed the defendant executor and the plaintiff's testatrix executrix of such will; and they each accepted their appointments and qualified therefor. By the will the testator directed his executor to dispose of certain real estate in the city of New York and pay from the proceeds thereof certain legacies, among which was one of $10,000 to the plaintiff's testatrix, and in case said proceeds were insufficient to pay said legacies in full, he directed the deficiency to be made up from his general estate. He also gave to said testatrix an interest in his residuary assets, which it was conceded on the settlement of the estate amounted to $4,230.18. The defendant became the acting executor of the estate and received all of its assets and paid its expenses and liabilities. The real estate, charged with the payment of the legacies referred to, was not sold until the year 1881, when it was found insufficient to pay in full the sums charged upon it. On December 9, 1875, the defendant delivered to the plaintiff's testatrix, notes made by himself, his brother and a firm composed of his brother and himself, to the amount of $4,645.18. On June 5, 1877, he delivered similar notes to such testatrix, in the sum of $4,585. On July 28, 1877, he also delivered a firm note to her for $4,000, and on March 18, 1878, another note of the firm for $1,000. Said notes were all payable to the plaintiff's testatrix, or order, and amounted in the aggregate to the sum of $14,230.18, the precise amount of the legacies given to said testatrix by the will. Upon the delivery of each series of notes the testatrix gave to the defendant receipts purporting to have received cash to the amount of the several obligations stated, on account of the legacy to her directed to be paid, by the will of said William Smith, deceased.

At the time of these transactions such legacies had not become payable, and, in fact, no part thereof became payable until the year 1881, when the real estate was sold. These notes were all shown to have been in the possession of the payee at the time of her death in November, 1884, without having any payments indorsed on them. These circumstances embraced the only account of any transaction between the defendant and plaintiff's testatrix relating to any disposition of the legacies in question. It is conceded that the defendant received or retained from the assets of such estate on final accounting the amount of the legacies referred to. In January, 1879, the plaintiff's testatrix and the defendant united in rendering an account of their proceedings as executors of said estate to the surrogate of New York, in which all parties interested were duly cited to appear, and by which account the defendant claimed that he had paid to the plaintiff's testatrix the amount of her legacies in full. This fact was not controverted by plaintiff's testatrix. Evidence was taken in the Surrogate's Court, and such proceedings were had therein that the surrogate made a decree on the 5th day of October, 1883, whereby it was adjudged and decreed that the legacy of $10,000 had been fully paid to the legatee, and that there remained unpaid of the legacy in the residuary estate the sum of $496.35, which the defendant was thereby adjudged and decreed to pay to said Mary Etta Camp, as such legatee, and which it was decreed will be in full of her share of the residuary estate of said testator, distributable upon this accounting. The decree then further recites that such balance had been paid by the executor to said Mary E. Camp, during the pendency of such accounting. The plaintiff's testatrix was a party to these proceedings in the commencement, and so continued to their termination, and was represented by counsel on the final hearing thereof.

Much evidence was given on the trial of this case and large sums of money were proved to have been paid by the defendant to Mary Etta Camp, from time to time, between the years 1872 and 1884, the time of her death; and to her executor,

after that time, amounting in the aggregate to a sum largely exceeding the amount of said legacies. It was also proved that Mary Etta Camp held other obligations against the defendant, aside from the notes described.

It was a question much contested upon the trial as to what was the proper application to be made of these payments in view of the diverse character of the obligations held by the plaintiff's testatrix against the defendant. In the view taken by us of the case those questions do not arise. If this action had been founded upon the notes and securities turned out by the defendant to the plaintiff's testatrix upon the transfer of her legacies to him, the question as to the application of the payments would have been both proper and material; but instead of bringing the action upon those notes, it has been brought upon a cause of action unsupported by evidence, and which, as we think, could never have had any existence.

The evidence affirmatively shows that the consideration given for the legacies, was the notes of the defendant and others payable by the makers thereof at the times and in the manner specified in such notes; and in the presence of these express contracts of payment no promise to pay otherwise on the part of either of the makers thereof could be implied from the circumstances of the transaction.

It is said by the referee that there is no evidence that these notes were received by the testatrix in payment of the legacies, and, therefore, that his liability for the debt incurred in appropriating the legacies had never been discharged, and many authorities are cited to show that the delivery of the debtor's obligations to a creditor, is not considered a payment of the debt previously existing.

Such authorities are not applicable to this case. The view taken not only left out of consideration the fact that the defendant never became the debtor of the legatee in respect to these legacies, except upon the notes delivered, but also ignored the effect of the express adjudication of the surrogate between the same parties upon the precise question discussed. That

adjudication was to the effect that the legatee had received through such notes the full amount of such legacies from the defendant and that he was wholly discharged from liability therefor.

This adjudication established conclusively the fact that such legacies had been actually paid by the executor to the legatee. How they had been paid was entirely immaterial on this controversy. Giving effect to this adjudication, the legatee, after acceptance of such notes, had no such interest remaining in the legacies as would afford a consideration for an implied promise to pay her therefor. The fund, to the extent of the legacies, from which they were payable had, by force of the executor's contract with the legatee, passed to him, and he could lawfully appropriate it to his own use without liability therefor, except such as he had incurred by reason of the obligations delivered by him to the plaintiff's testatrix upon receiving the acknowledgment of payment of the legacies from her.

The theory that the defendant by the transaction in question incurred a debt to the plaintiff's testatrix, outside of the obligations given, is directly in conflict with the adjudication of the surrogate, and practically nullifies its force and effect.

From the facts in the case the law will imply a transfer of the testatrix's interest in the legacies to the defendant, as otherwise there would be no support for the consideration stated in the notes; but it could not imply a promise to pay the amount of the legacies, because the parties had provided for that by express provision in writing, and in such case no promise to pay can be implied. (3 Amer. and English Encyclopædia of Law, 860, § 35.)

The appellant suggests that, inasmuch as the notes were put in evidence on the trial, the order appealed from may be reversed upon the theory that the action may now be considered as one upon the notes. This would be contrary to all precedent as the complaint did not count upon the notes, and the action was not tried upon that theory.

These views lead to the conclusion that no cause of action was made out against the defendant, and the order of the

General Term should be affirmed and judgment absolute ordered for the defendant.

All concur.

Ordered accordingly.