In the Matter of the Estate of JOSEPH DENARI, Deceased.

Surrogate's Court, Kings County, December 2, 1937.

*Vito F. Lanza,* for William H. Hagarty, as executor and trustee, etc., petitioner.

*James M. Fawcett,* for the respondent Angela Denari, administratrix of Eugene Denari, deceased son of decedent, objectant to distribution in kind.

WINGATE, S.  The question of interpretation, decision of which is here desired, concerns the meaning of the language employed in the gift of a portion of the remainder of a trust erected for the life benefit of the wife of the testator.  The particular direction in question reads: " One-third part or one-third share therein, I give, devise and bequeath to my son Eugene Denari, to and for his own use, his heirs and assigns, absolutely and forever."

Eugene Denari survived the testator but predeceased the life beneficiary.  He was survived by a widow and son as his only statutory distributees.  The widow has been appointed administratrix of his estate.  The question propounded concerns the meaning of the words " to and for his own use, his heirs and assigns absolutely and forever," and, concretely, is as to whether it was the intention of the testator by the insertion of these words in the gift to make a substitutionary gift to the child or statutory distributees of Eugene or whether they are construable merely as indicating an intention of unqualified vesting in Eugene of the subject-matter of the gift.

Questions of this type have been before the courts with monotonous regularity since the Legislature, in 1828, altered the previously existing common-law rule and enacted (1 R. S. p. 748, pt. 2, chap. 1, tit. v. § 1) that the addition of the word " heirs " was unnecessary for the conveyance of an estate in fee.  (*Guernsey* v. *Guernsey,* 36 N. Y. 267, 268.)  The rule then promulgated has since that date been continuously a part of the statutory law of this State and is now contained in subdivision 1 of section 240 of the Real Property Law.

As customarily employed, the words have been said to be absolutely meaningless. (*Matter of Wells*, 113 N. Y. 396, 402.) This fact, however, has not deterred innumerable testamentary draftsmen during the five and a half generations since they were made obsolete from including them in the language of their testamentary gifts as is demonstrated by the hundreds of pages of learned opinions on the subject, extending from *Wright* v. *Trustees of Methodist Episcopal Church* (1 Hoff. Ch. 202), decided in 1839, to *Matter of Jenkins* (252 App. Div. 805), decided by the Appellate Division for the Third Department on October 6, 1937.

Despite the substantially uniform tenor of the pronouncements made, the courts appear, consciously or unconsciously, to have been troubled by the apparent conflict between the usually applicable principle of documentary construction requiring the effectuating of all inserted words (*Matter of Buechner*, 226 N. Y. 440, 443; *Fleischman* v. *Furgueson*, 223 id. 235, 239; *Adams* v. *Massey*, 184 id. 62, 69; *Roseboom* v. *Roseboom*, 81 id. 356, 359; *Van Nostrand* v. *Moore*, 52 id. 12, 20; *Sedlaczek* v. *deDreuzy*, 220 App. Div. 446, 450; *Matter of Briggs*, 180 id. 752, 757; modfd. on other grounds, 223 N. Y. 677; *Kent* v. *Fisk*, 151 App. Div. 279, 282; *Matter of Corlies*, 150 Misc. 596, 600; affd., 242 App. Div. 703), with its consonant inhibition against deletion or excision (*Matter of Crespi*, 158 Misc. 383, 387; *Matter of Bates*, 152 id. 627, 629), and the judicially recognized "lawyer-like fondness for using several words where one is sufficient." (*Matter of Clark*, 62 Hun, 275, 282; *Matter of Eger*, 139 Misc. 59, 63.)

In these instances in which the disjunctive word "or" has separated the name of the donee from the word "heirs," as where the gift is made to "my son *or* his heirs," the former principle has been applied with considerable uniformity and a determination reached that there was a substitutionary gift to the heirs who took as purchasers upon the predecease by the primary donee of the time of possessory enjoyment. (*Wright* v. *Trustees of Methodist Episcopal Church*, 1 Hoff. Ch. 202, 212; *Low* v. *Harmony*, 72 N. Y. 408, 414; *Matter of Evans*, 234 id. 42, 45; *Waxson Realty Corp.* v. *Rothschild*, 255 id. 332, 337; *Matter of Meahl*, 241 App. Div. 333, 335.)

Where, however, the conjunctive "and" has replaced the disjunctive "or," or neither has been inserted, as in a gift to "John Doe and his heirs," or "John Doe, his heirs and assigns," the result, except in certain rare instances in which the court has professed to discern a general testamentary intent that the added words should have a substitutionary effect (Cf. *Matter of Burrows*, 259 N. Y. 449), has been the reverse, and the added words have

been construed as words of limitation and not of purchase. (*Van Beuren* v. *Dash*, 30 N. Y. 393, 416; *Thurber* v. *Chambers*, 66 id. 42, 47; *Matter of Wells*, 113 id. 396, 400; *Matter of Tamargo*, 220 id. 225, 229, 230; *Matter of Jenkins*, 161 Misc. 359, 363; affd., 252 App. Div. 805; *Matter of Barrett*, 141 Misc. 637, 641.)

As is observed in *Matter of Tamargo* (220 N. Y. 225, at p. 229): " In the natural and ordinary meaning of words, a substitutional or alternative gift is expressed by the disjunctive ' or ' or by ' and ' justifiably, under its context, construed to mean ' or;' in the absence of the disjunctive, the word ' heirs ' or the words ' heirs and assigns ' are words of limitation and not of purchase and the gift is absolute."

Again (at p. 230): " The words ' their heirs and assigns, to have and to hold the same for their own use, benefit and behoof forever,' are the usual technical words of conveyance granting a title in fee simple. At common law they were essential to the conveyance. They are unnecessary for that or any purpose, by force of the statute, but when used in wills or deeds such is their meaning. They are merely words of limitation used to describe the nature of the estate given to the beneficiary, and not to express an intention that a lapse should be avoided by the substitution of the heirs in place of the predeceased devisee or legatee."

An additional principle pertinent under the phraseology of the present will is also noted in the same authority (*Matter of Tamargo*, 220 N. Y. 225, at p. 229): " The use of the word ' assigns ' makes it clear that the gift is absolute and not alternative."

The court, accordingly, determines that no substitutionary gift was intended to the heirs of Eugene in the present document. He was given an absolute fee in the remainder interest described. Since he survived the testator and the gift was made to him *nominatim*, it was his vested property at the date of his death (*Fulton Trust Co.* v. *Phillips*, 218 N. Y. 573, 580, 581; *McLean* v. *McLean*, 207 id. 365, 375; *Roosa* v. *Harrington*, 171 id. 341, 353; *Matter of Traver*, 161 id. 54, 57; *Matter of Young*, 145 id. 535, 537, 538; *Matter of Gardner*, 140 id. 122, 129; *Warner* v. *Durant*, 76 id. 133, 136; *Matter of Meyer*, 162 Misc. 426, 428; *Matter of Gaubert*, 164 id. 768), and is payable to his administratrix. (*Flynn* v. *McDermott*, 183 N. Y. 62, 67; *Sterrit* v. *Lee*, 44 App. Div. 619, 620; *Berkeley* v. *Kennedy*, 62 id. 609; *Matter of Green*, 160 Misc. 490, 492; *Matter of Leshuk*, 161 id. 228, 230; *Matter of Healey*, Id. 298, 301.)

An additional question is raised by the answer of the administratrix, who prays for a direction that distribution be made to her, one-half in cash and one-half in kind. In the absence of a demonstrated express or reasonably implied testamentary intention to

the contrary, benefits are ordinarily payable in cash. (*Villard* v. *Villard*, 219 N. Y. 482, 500; *Camp* v. *Smith*, 49 Hun, 100, 105; affd., 117 N. Y. 354; *Matter of Blake*, 146 Misc. 780, 784.) Conditions which have existed since the basic unsettlement of values beginning in 1929 have demonstrated, however, that the adoption of such a course is at times either actually impossible or practically unfeasible by reason of the inordinate sacrifice attendant upon the liquidation of securities.

In the present instance the court is uninformed as to the practicability of present liquidation except as the account demonstrates that the major portion of the principal assets are invested in mortgages and mortgage participation certificates.

The gift to Eugene, which is now payable to his administratrix, is of not more than one-sixth of the trust estate remaining after deduction of the premises 116 Johnson street, or its sale price, if sold. It follows that if an equitable allocation of assets be made the administratrix may either accept the part thus set aside for her and retain or sell it herself, either in whole or in part, or she may, presumably, call upon the trustee to accomplish the liquidation for her so far as this may be feasible as a practical matter, but if he does so he will, in effect, act as agent for her for the purpose, and any attendant sacrifice in values will fall upon her and her estate.

Under all of the circumstances it would seem preferable for the parties to reach some mutually agreeable adjustment rather than for the court to make a concrete direction which might involve avoidable hardship. The court will, of course, validate any such voluntary arrangement which preserves the rights of other parties interested in the subject-matter, but will refrain from any positive direction in this regard unless and until an *impasse* between the parties has been reached.

In the event that any arrangement for whole or partial distribution in kind is made, the provisions of section 268 of the Surrogate's Court Act should be observed. (*Matter of Hanna*, 158 Misc. 177; *Matter of Leeds*, 154 id. 228, 230.)

Proceed in conformity herewith.