## In the Matter of the Estate of ELLA M. KNAPP, Deceased.

Surrogate's Court, Westchester County, July 18, 1938.

*J. L. O'Brien*, for the petitioner and next of kin.

*Wingate & Cullen* [*J. Courtney McGroarty* of counsel], for the general guardian of Elizabeth Pendleton Burt, a minor.

MILLARD, S. In a proceeding for the probate of the will of this decedent and for the issuance of letters of administration with the will annexed, the petitioner has requested a determination as to the legal effect of decedent's attempted disposition of her property under said will.

The testatrix, who was a widow, died on May 11, 1938, leaving the paper writing now offered for probate which is dated March 2, 1891, and the pertinent provisions of which are as follows:

" *First* — It is my will and I do order that all my just debts and funeral expenses be paid as soon as practicable after my decease.—

"*Second* — After the payment of said debts and expenses, I do give, devise and bequeath all the residue of the estate of which I shall die seized or possessed, real and personal, *except* the *silver ware in use*, which I reserve to dispose of as I may deem best in my lifetime, to my dear mother *Elizabeth Moseman*, to her use for and during the term of her *natural life*, and she is hereby vested with the authority and power to sell, in her discretion, any or all of the household furniture and effects; and I direct also, that, in event my grandmother, *Jemima Montross*, shall survive me, my mother shall comfortably support and maintain her, and provide a home for her during her life, from and out of the proceeds of the property and estate hereby devised and bequeathed to her, my said mother.—

"*Third* — At the death of my *said mother* all the property and estate hereby bequeathed and devised to her as aforesaid, or so much thereof as may at that time remain unexpended, I give, devise and bequeath unto my beloved husband *Samuel A. Knapp*, and to his heirs and assigns forever.—

"*Fourth* — I do hereby nominate, constitute and appoint my said husband *Samuel A. Knapp*, sole executor of this my last will and testament."

Elizabeth Moseman, the mother, Jemima Montross, the grandmother, and Samuel A. Knapp, the husband of the testatrix, named as executor in her will, all predeceased the testatrix. According to the petition for probate, her sole distributees are Edna M. Sweeny (this petitioner), a niece; George Howard Moseman, a nephew, and Virginia May Moseman and Hazel Edna Proctar, children of a deceased nephew. The estate of decedent consists of real property valued at $26,000 and personal property in excess of $10,000.

Samuel A. Knapp, the husband of testatrix, died on June 10, 1935, leaving a will admitted to probate on July 10, 1935, under which letters testamentary were issued to Frank Knapp and James H. Cavanaugh. Said executors were duly cited in this proceeding but have not appeared herein. Elizabeth Pendleton Burt, an infant great-granddaughter of a deceased half-sister of Samuel A. Knapp was also cited and has appeared by her general guardian and filed an answer to the petition in which she alleges:

*First*, that the instrument offered for probate is valid as the last will and testament of said decedent sufficient to dispose of her estate as therein directed.

*Second*, that the language employed by decedent in paragraph third of her will is sufficient to vest the residuary estate in the heirs of Samuel A. Knapp by reason of the fact that said paragraph provides for a substitutionary gift over to his heirs in the event of his death. If the contention of the general guardian could be

sustained, the persons who would be included as distributees of testatrix, within this category, would be George Knapp, the brother, and Elizabeth Pendleton Burt, the minor great-grandniece of Samuel A. Knapp, deceased.

It is the contention of the petitioner, however, that the attempted distribution of the property of testatrix by her will fails by reason of the prior death of the beneficiaries named therein and hence her property passes to her distributees as in intestacy.

The sole question presented, therefore, is whether the words " and to his heirs and assigns forever," following the attempted gift to Samuel A. Knapp in paragraph third of the will, are words of limitation or of purchase.

In *Matter of Denari*, 165 Misc. 450, at p. 451, the court said:

" Questions of this type have been before the courts with monotonous regularity since the Legislature, in 1828, altered the previously existing common-law rule and enacted (1 R. S. p. 748, pt. 2, chap. 1, tit. v, § 1)·that the addition of the word ' heirs ' was unnecessary for the conveyance of an estate in fee (*Guernsey* v. *Guernsey*, 36 N. Y. 267, 268.) The rule then promulgated has since that date been continuously a part of the statutory law of this State and is now contained in subdivision 1 of section 240 of the Real Property Law."

In *Matter of Wells*, 113 N. Y. 396, the court said:

" Words of inheritance are now unnecessary to convey a fee, and are, indeed, mere surplusage, whether when used in wills or in deeds. That fact, however, is not a sufficient reason for us to import into their use the expression of an intention that they shall be taken as words substituting in place of the predeceased legatee or devisee his heirs. Where words like these have a well-settled and well-understood meaning, we should not invest them with a different one, unless we are forced to do so by a conviction, based on some stronger support than that which is afforded by suggestion or speculation, however plausible."

In the instant case, the will contains no language indicating an intention on the part of the testatrix to benefit the distributees of her deceased husband. Her only intention appears to have been to make an absolute gift to her husband of that part of her estate, if any, which remained after the death of her mother.

" In the natural and ordinary meaning of words, a substitutional or alternative gift is expressed by the disjunctive ' or ' or by ' and ' justifiably, under its context, construed to mean ' or; ' in the absence of the disjunctive, the word ' heirs ' or the words ' heirs and assigns ' are words of limitation and not of purchase and the gift is absolute." (*Matter of Tamargo*, 220 N. Y. 225, 229, and cases cited.)

It is accordingly determined that the words " and to his heirs and assigns forever " used by the testatrix in paragraph third of her will are words of limitation and not of substitution. (*Matter of Tamargo, supra; Matter of Denari, supra,* and cases cited.) It follows, therefore, that the decedent died intestate as to her property, and that the same must be distributed to those persons who were her distributees at the time of her death. These distributees have been shown to be her nephew and niece and the two children of a deceased nephew.

Satisfactory proof having been offered as to the due execution of the will, the same is admitted to probate and letters of administration with the will annexed will issue thereunder to the petitioner herein upon her due qualification according to law.

Settle decree accordingly.