MARGARET M. MARKS, Plaintiff, *v.* BANKERS TRUST COMPANY, as Trustee under a Certain Trust Agreement Made by MARGARET M. MARKS, Dated May 5, 1925, Defendant.

First Department, December 1, 1939.

*Israel Machtey* of counsel [*C. Monteith Gilpin* and *Jerome D. Gedney* with him on the brief; *C. Monteith Gilpin* and *Jerome D. Gedney*, attorneys], for the plaintiff.

*Windsor B. Putnam* of counsel [*John A. Gifford* with him on the brief; *White & Case*, attorneys], for the defendant.

CALLAHAN, J. On May 5, 1925, plaintiff and defendant executed an agreement creating an *inter vivos* trust. The indenture provided for the payment by defendant to plaintiff during her lifetime of the income from certain securities deposited with defendant. It also provided that upon the death of plaintiff the income was to be paid to her husband for life, and that upon the death of her husband, or in case he predeceased plaintiff, the principal " shall be transferred and paid over to the daughter of the party of the first part, Helen Bromfield, her heirs, executors, administrators or assigns, for her own use, absolutely and forever."

Plaintiff's husband died on May 1, 1939. On July 19, 1939, Helen Bromfield executed an assignment of all her interest under the trust agreement to the plaintiff, and consented to the revocation of the trust. On the same day plaintiff executed and delivered to defendant a document revoking the trust. The defendant has refused to comply with the demand for revocation, contending that, because the trust agreement contained no express power of revocation, and because the language of the trust constituted a substitutional gift to the heirs of Helen Bromfield, the trust could not be revoked at the request of plaintiff and Helen Bromfield.

Plaintiff, on the other hand, contends that Helen Bromfield took an absolute and vested remainder, subject only to the life interests of the settlor and her husband, and that, upon the death of the husband and the assignment by Helen Bromfield to plaintiff, plaintiff became the sole person beneficially interested in the trust, and had the power of revocation.

The interest held by Helen Bromfield depends upon the construction to be placed upon the clause in the indenture granting the remainder to " Helen Bromfield, her heirs, executors, administrators or assigns, for her own use, absolutely and forever."

In determining this question the inquiry arises as to whether the words " her heirs, executors, administrators or assigns " were used as words of substitution, or words of limitation. We think that they were used as words of limitation.

If the trust agreement had provided that the remainder was to be paid over to Helen Bromfield " or her heirs, executors, administrators and assigns," the gift would appear to be substitutional. (*Matter of Evans*, 234 N. Y. 42; *Waxson Realty Corp. v. Rothschild*, 255 id. 332.) On the other hand, if the word " and " had been used between the name of the donee and the so-called terms of inheritance, such terms would ordinarily be construed to be merely words of limitation. (*Van Beuren v. Dash*, 30 N. Y. 393, 416; *Thurber v. Chambers*, 66 id. 42.) Where neither " or " nor " and " is used between the name of the donee and the words of inheritance, the construction that is ordinarily placed on a gift or legacy is likewise that the words are used merely as words of limitation and not for the purpose of creating a substitutional gift. (*Matter of Tamargo*, 220 N. Y. 225.) That is to say when a gift is made to one, " his heirs," etc., such words are usually deemed to signify a gift of absolute ownership and not a direction to transfer the estate to the heirs or personal representatives in the event the donee fails to survive the holder of the prior estate. (*Matter of Wells*, 113 N. Y. 396.)

In the present indenture neither the word " or " nor " and " was used between the donee's name and the words of inheritance. Therefore, under the rules generally applied, an absolute gift would be deemed intended, unless the use of the disjunctive " or " between the words " administrators " and " assigns " would alter the construction to be placed on the clause.

We think that the word " or," so used, does not disclose an intention to give less than an absolute estate. In the first place, the use of the word " assigns " in a document of the present nature is said to show the intention to give an absolute gift, for the power of assigning implies an absolute title. (*Matter of Tamargo, supra,* p. 229.) This would seem particularly so in the present instance for only personal property was being disposed of. Further, the placing of the disjunctive " or " between " administrators " and " assigns " would seem to emphasize the settlor's purpose to make an absolute gift, for it places the donee's assigns in a distinct class. The word " or," as used here, has grammatical application only

to the various classes designated. It can have no grammatical effect that would indicate the designation of a substitutional class for the donee, because the disjunctive is not found between the name of the donee and the other classes referred to.

*Matter of Thompson* (279 N. Y. 131) holds nothing contrary to the view herein expressed. There it was said that the words " heirs, executors, administrators and assigns " were to be construed as words of limitation. True, the court, in its opinion in that case, called attention to the absence of the disjunctive " or " from the context of the document. This is not to be construed as a holding that the presence of the word " or " always connotes a substitutional gift, irrespective of the manner in which it is used. Of course, the location of the disjunctive word may have an important bearing in determining the meaning to be given to the clause as a whole.

In the present case, considering all of the provisions of the indenture, including the one placed after the so-called words of inheritance, that the gift to Helen Bromfield was " for *her* own use, absolutely and forever," we hold that a gift of absolute ownership was intended.

We find that no persons other than plaintiff and her daughter, Helen Bromfield, were beneficially interested in this trust, and that the documents executed by them revoked the trust.

Judgment should be rendered accordingly.

MARTIN, P. J., TOWNLEY and COHN, JJ., concur.

Judgment unanimously directed for plaintiff in accordance with opinion. Settle order on notice.