**GLOTZBACH v. KNEESSI et al.**

No. 7597.

United States Court of Appeals for the District of Columbia.

Argued Jan. 10, 1941.

Decided March 10, 1941.

Burton A. McGann, of Washington, D. C., for appellants.

Michael J. Lane and Milton T. Broome, both of Washington, D. C., for appellees.

Before GRONER, Chief Justice, and MILLER and VINSON, Associate Justices.

GRONER, C. J.

Appellants brought this suit to have the court below declare their rights under the will of Alice Koch Glotzbach, which she executed in September, 1930. In paragraph 3 she said: "I give, devise and bequeath to my beloved husband, Henry E. Glotzbach, his heirs and assigns, absolutely in fee-simple all of my property and estate, real, personal and mixed, wheresoever situated, whether now owned or hereafter to be acquired by me."

Henry died in February, 1938, without issue, one year before the death of testatrix. The trial court held that Henry's prior death caused this gift to lapse.

On this appeal, the heirs at law of Henry insist that the devise to him "his heirs and assigns, absolutely in fee-simple" created a substitutionary gift to them so as to prevent a lapse. They concede that had the gift been—to Henry, his heirs and assigns—without the use of the further words—absolutely in fee-simple—the devise under the applicable rule would have lapsed by reason of Henry's prior death. They contend, however, that the additional words show an intent to give them an interest in such an event.

We are of opinion that the holding of the lower court is correct.

The sole question is, did the gift lapse by reason of Henry's prior death, or was there a substitutional gift to his heirs? The answer, of course, must be found in the language of the will, construed in its reasonable and ordinary meaning. Baldwin v. National Sav. & Trust Co., 65 App.D.C. 174, 81 F.2d 901. We have been shown no case which factually parallels the present one, but appellants concede that the words "heirs and assigns" are invariably deemed to be words of limitation to describe the nature of the estate given and not to be words used to avoid a lapse by the substitution of the heirs in place of the predeceased beneficiary. The addition of the word "assigns" after the name of the beneficiary is said to emphasize the absolute nature of the gift instead of making it alternative. Jackson v. Alsop, 67 Conn. 249, 34 A. 1106; In re Tamargo, 220 N.Y. 225, 115 N.E. 462. In the latter case, the clause of the will was:

"I give, devise and bequeath [to nieces and sisters—and brothers-in-law] their heirs and assigns, to have and to hold the same for their own use, benefit and behoof forever, share and share alike, per stirpes and not per capita."

The words "per stirpes and not per capita" brought the case to court on the same contention made here, and it was claimed such added words evinced an intent that the gift should be substitutional. The New York Court of Appeals held that to sustain this claim would require a disregard of the specificness of the gift, the insertion of the word "or" immediately preceding the words "their heirs", the erasure of the word "assigns" and the insertion in the place thereof of the words "next of kin", and that this would be not to construe but to construct a will.

The same result was reached in In re Wells, 113 N.Y. 396, 21 N.E. 137, 138, 10 Am.St.Rep. 457. There the court said to a somewhat similar proposition: "Words of inheritance are now unnecessary to convey a fee, and are mere surplusage, whether used in wills or in deeds. That fact, however, is not a sufficient reason for us to import into their use the expression of an intention that they shall be taken as words substituting [his heirs] in place of the predeceased legatee or devisee . * * *."

And so also in Re Denari's Will, 165 Misc. 450, 300 N.Y.S. 1279, where the clause was, one third part or one third share, I give, devise and bequeath to my son, Eugene Denari, "to and for his own use, his heirs and assigns, absolutely and forever". There also the legatee predeceased the testator, and it was insisted that the use of the quoted words showed a clear intention against lapsing. The point was rejected, and relying on the Tamargo case, supra, the court repeated that the use of the word "assigns" made it clear that the gift was absolute and not alternative.

And in Bradford v. Martin, 199 Iowa 250, 201 N.W. 574, the court, in construing a will devising an "absolute" estate, said the words "absolute" and "absolutely" and "fee simple" are all used interchangeably and mean equally to vest both legal title and beneficial ownership in the donee.

■ To accept appellants' contention would be, not to construe the clause, but to reconstruct it so that it would read—absolutely in fee simple to the heirs and assigns of Henry Glotzbach. This obviously we may not do. What happened here is plain enough. The draftsman of the will, after writing in an absolute gift to Henry Glotzbach by using the traditional words "his heirs and assigns", added—"absolutely in fee-simple" as a phrase descriptive of what had gone before,—or, to speak in grammatical terms, in apposition to the previous statement. This was surplusage and did not as used change the sense of what went before and did not show an intention to enlarge the estate into a substitutional gift to appellants.

It is plain, as we think, that testatrix used the words "absolutely in fee-simple" with no other purpose than to insure an absolute gift to her husband. His failure to survive her created an intestacy, which in the circumstances inures to the benefit of her own kin, the appellees in this proceeding.

Affirmed.