JACK GRIMALDI, as Administrator, etc., Plaintiff, *v.* CITY OF NEW YORK and WILLIAM GEIGER, Defendants.

Supreme Court, Special Term, Kings County, September 15, 1941.

*Hyman Sommer* [*Louis E. Schwartz* of counsel], for the plaintiff.

*William C. Chanler, Corporation Counsel* [*James E. O'Reilly* and *Helen C. Corbett* of counsel], for the defendant City of New York.

GARVIN, J. This is a motion, under rule 109 of the Rules of Civil Practice, to strike out the defense contained in paragraph

VI of the answer interposed by the defendant City of New York, and the defenses contained in paragraphs VI and VII of the answer interposed by the defendant Geiger, on the ground that it appears on the face thereof that they are insufficient in law.

The defendant Geiger, a physician employed by the city of New York, treated plaintiff's intestate at a child health station maintained by the city. The treatment is alleged in the complaint to have been given in a careless, reckless and negligent manner. It is claimed that both defendants are liable.

Paragraph VI of the city's answer reads:

" VI. FOR A FIRST SEPARATE AND COMPLETE DEFENSE, the defendant, THE CITY OF NEW YORK, alleges, upon information and belief, that this action was not commenced within six months after the alleged cause of action is alleged to have accrued, as required by the provisions of Section 565 of Chapter 22 of the New York City Charter."

Paragraphs VI and VII of defendant Geiger's answer reads:

" VI. FOR A FIRST SEPARATE AND COMPLETE DEFENSE, the defendant, WILLIAM GEIGER, alleges that he is not a proper party to the within action, pursuant to the provisions of Section 565 of Chapter 22 of the New York City Charter.

" VII. FOR A SECOND SEPARATE AND COMPLETE DEFENSE, the defendant, WILLIAM GEIGER, alleges that this action was not commenced within six months after the alleged cause of action is alleged to have accrued, as required by the provisions of Section 565 of the Chapter 22 of the New York City Charter."

The said suit was brought more than six months after the alleged cause of action accrued but within one year thereof.

The city opposes the motion, claiming that the court is bound by section 565 of the New York City Charter, which reads as follows:

" No personal liability. § 565. No member, officer or agent of the department and no person other than the department or the city itself shall be sued or held to liability for any act done or omitted in good faith and with ordinary discretion, on behalf of or under the department, or pursuant to its regulations, ordinances, local laws or health laws. And any person whose property may have been unjustly or illegally destroyed or injured, pursuant to any order, regulation or action of the department or its officers, for which no personal liability may exist, as aforesaid, may maintain a proper action against the city for the recovery of the proper compensation or damage. Every such suit must be brought within six months after the cause of action arose, and the recovery shall be limited to the damages suffered."

This section of the charter was formerly section 1196 of the old Greater New York Charter, which section (1196) was enacted prior to 1926. Section 565 of the new city charter substantially repeats section 1196 of the old charter. The new charter was adopted at the general election in November, 1936, to take effect on January 1, 1938. The claim is made by the city that section 565 is a new provision taking effect on January 1, 1938. Subdivision c of section 982 of the new city charter declares that provisions of the new charter similar in substance to prior existing law " are intended to be not a new enactment but a continuation of such provision of law." It is apparent, therefore, that this provision of the present charter was not intended to be a new law but a continuation of the law as it then stood.

Plaintiff contends that the provisions of section 565 have been enlarged and superseded by section 50-d of the General Municipal Law which was enacted by the Legislature in 1937 to take effect May 22, 1937 (Laws of 1937, chap. 483), and subdivisions a and c of section 394a-1.0, of the Administrative Code of the City of New York, enacted by the Legislature in December, 1937, to take effect January 1, 1938; that under these provisions of law the city has assumed liability for the malpractice of any physician rendering medical services of any kind in a public institution maintained in whole or in part by the city and that the time for instituting an action under section 50-d of the General Municipal Law is determined by the provisions of section 394a-1.0 of the Administrative Code, with which plaintiff has complied.

The court is of the opinion that section 50-d of the General Municipal Law is decisive of the liability of defendant Geiger. That section reads:

" § 50-d. Municipal liability for malpractice of certain physicians and dentists in public institutions. Every municipal corporation, notwithstanding any inconsistent provision of law, general, special or local, shall be liable for, and shall assume the liability, to the extent that it shall save him harmless, of any physician or dentist rendering medical services or dental services of any kind gratuitously to a person in a public institution maintained in whole or in part by the municipal corporation, for damages for personal injuries alleged to have been sustained by such person by reason of the malpractice of such physician or dentist while engaged in the rendition of such services. Every such physician or dentist, for the purpose of this section, shall be deemed an employee of the municipal corporation, so maintaining such institution, notwithstanding that the municipal corporation derived no special benefit in its corporate capacity.

" No action shall be maintained under this section against such municipal corporation, physician or dentist unless the applicable provisions of law pertaining to the commencement of action and the filing of notice of intention to commence action against such municipal corporation shall be strictly complied with."

There is nothing contained in section 50-d to indicate that the physician or dentist may not be sued; on the contrary, it definitely appears that the physician or dentist may be sued but that such right to sue must be governed by statutes of limitation similar to those affecting the municipality itself. (See Derlicka v. Leo, 256 App. Div. 215, which was reversed by the Court of Appeals on other grounds.)

The court is further of the opinion that the filing of the notice of intention to sue was timely and that the action was instituted within the period fixed by the Administrative Code, section 394a–1.0, as follows:

" c. An action against the city * * * for damages for personal injuries, resulting from the negligence of the city * * * or of any agency of the city * * * shall be commenced within one year after the cause of action therefor shall have accrued, provided that a notice of intention to commence such action * * * shall have been served * * * within six months after such cause of action shall have accrued."

Motion granted.