Maximilian Moss, S.
The accountants are the executor of the deceased trustee, whose death terminated the trust herein, and two surviving trustees. They ask that they he instructed concerning the disposition of two bonds and mortgages held as estate assets.
The testator gave power to his ‘‘ executors and/or trustees, or the survivor of them * * * in the distribution of my estate or any part thereof to distribute the same in kind and in lieu of cash solely in their or his discretion.” That power permits deviation by the trustees from the usual rule that testamentary benefits are ordinarily payable in cash rather than in kind (Villard v. Villard, 219 N. Y. 482; Camp v. Smith, 49 Hun 100, affd. 117 N. Y. 354; Matter of Denari, 165 Misc. 450). The remaindermen’s reaction to distribution in kind is not disclosed by them or by the trustees.
The two bonds and mortgages cover two separate parcels of realty, one of which is owned by a sister of one of the surviving trustees, and the other is owned by the wife of the same trustee and in which premises the trustee resides. The nonexercise of the power is alleged to be occasioned by the fact that the executor of the deceased trustee favors distribution in kind, while the trustee, whose sister and wife are the owners of the mortgaged premises, seeks to have the mortgages sold at a discount, and *114 the other surviving trustee states he is indifferent as to which course of action is followed.
The liquidation of these estate assets is not however the concern of the executor of the deceased trustee. That duty is cast solely upon the surviving trustees. Unanimity of action by the trustees, which is the rule in the absence of an express testamentary provision or exceptional circumstances (Matter of Luckenbach, 303 N. Y. 491), is, therefore, possible in the matter of the disposition of these two mortgages. The relationship, however, of the owners of the mortgaged premises to the surviving trustee who seeks to sell the mortgages at a discount is very close. A sale at discount to either one or both of the owners of the mortgaged premises, or to other persons so related to either of the trustees would raise a doubt as to its validity and would be presumed to be in violation of the trust and of the duty of undivided loyalty by the trustees to the trust (Matter of Fulton, 253 App. Div. 494).
There is not present in this case any honest difference of opinion, in view of the willingness of one of the surviving trustees to follow either course of action suggested with respect to the disposition of the mortgages. The trustees therefore are authorized to exercise their discretion, the exercise of which is not likely to be overruled by the court. Proceed accordingly.