MORROW, RUSSELL O., Associate Judge.
On January 3, 1928, Martin F. Harp, then domiciled in Illinois, executed a last will and testament. He died in Maryland on May 23, 1954. The Maryland Court ruled that he was domiciled in Florida and his will has been admitted to probate here. A construction of the will is the basis of this appeal.
Paragraph Two of the will is quoted as follows:
“2. I give, devise and bequeath to my beloved wife, Minnie Harp, all of *41 my property, real, personal or mixed, wheresoever situated or located, which I now own or may hereinafter acquire and of which I shall die seized or possessed. All the rest and residue of my property, real, personal or mixed, I give, devise and bequeath in fee simple to my beloved wife, Minnie Harp, her heirs or assigns forever.”
Minnie Harp predeceased her husband on January 3, 1954. Edith Johnson Hall, Minnie Harp’s sister, petitioned the lower Court for Probate of the will of Martin F. Harp. Alice Harp Morris, the testator’s sister, then filed her petition for the construction of the will, alleging that she, rather than Edith Johnson Hall, was the heir at law and entitled to letters of administration.
On October 29, 1957 the County Judge entered an Order holding that the gift to Minnie Harp lapsed under the provisions of F.S. § 731.20, F.S.A. and that the words “her heirs or assigns forever” were words of limitation and not of purchase, and further that the heirs of Martin F. Harp were entitled to his estate and to letters of administration.
Two questions are presented:
(1) Did the gift to Minnie Harp lapse?
(2) Are the words “to — Minnie Harp, her heirs or assigns forever,” words of limitation or words of purchase?
F.S. § 731.20, F.S.A., has the following language:
“(1) If a devisee or legatee dies during the lifetime of the testator, the testamentary disposition to such devisee or legatee lapses, unless an intention appears from the will to substitute another in his place; * * *
“(2) If a legacy or devise is void or lapses, it shall become a part of the residuum and shall pass to the residuary legatee or devisee, unless a contrary intent is expressed by the testator in his will.”
As to question (1), it is apparent under the language of the Statute that the specific devise and legacy to Minnie Harp lapsed at the time of her death, and that the residuary-clause controls the disposition of the testator’s estate.
Question No. (2) appears to present a case of first impression in this State.
The law seems pretty well settled that the word “heirs” alone is one of limitation when preceded by the conjunctive “and” and one of substitution when preceded by the disjunctive “or”. 96 C.J.S. Wills § 739(b); 57 Am.Jur., Wills Nos. 1430 and 1431; Annotation 78 A.L.R. 992 (1932) supp. by Annotation 128 A.L.R. 94 (1940).
However, the law is not so clear when the additional word “assigns” is used. Apparently the cases are fairly consistent where the phrase, “to A, his heirs and assigns,” is used, for they consistently hold that use of the word “assigns” in such phrase simply fortifies the rule that the conjunctive “and” makes “heirs” a word of limitation. Annotation 78 A.L.R. 992, 1002 (1932) supp'. by Annotation 128 A.L.R. 94, 98 (1940). The legal waters are muddied when the disjunctive “or” is used in the phrase, “to A, his heirs or assigns.”
The rule in Colorado provides that the word “or”, when appearing before the word “assigns,” is substituted for the comma preceding the word “heirs,” and thus creates words of substitution, rather than words of purchase. In citing Feeney v. Mahoney, 1950, 121 Colo. 599, 221 P.2d 357, 36 A.L.R.2d 1106, the Colorado Court in Cann v. Richards, 1952, 126 Colo. 54, 246 P.2d 906, 909, held as follows:
“Hence the instant case is controlled, by the ruling in the Feeney case, supra. Where the phrase ends with, ‘ “her heirs * * * and assigns forever” ’, the court substitutes ‘and’ in place of the previous comma; thus creating *42 words of limitation. But when the phrase ends with, ‘her heirs or assigns forever/ the court substitutes ‘or’ in place of the previous comma, thus creating words of substitution, for, as the author said in the Feeney case, supra, if the word ‘or’ has been used, it would be considered ‘a word of substitution’.”
Perhaps it should be noted that in the Cann case, the particular will had eight bequests which were involved in the case. Five used the words, “to (a particular legatee), his (or her) heirs cmd assigns forever.” Three used the words, “to (a particular legatee), his (or her) heirs or assigns forever.” Also, the three “or” bequests were all to one family, a stepchild of testatrix and two sons of said stepchild. The Colorado Court commented on these additional facts in arriving at its decision.
It appears however that the better reasoning, and that which more accurately interprets the intent of the testator is stated by the New York Court in Marks v. Bankers Trust Co., 1939, 258 App.Div. 215, 15 N.Y.S.2d 896, 897. There the Court was construing the phrase “shall be transferred * * * to * * * Helen Bromfield, her heirs, executors, administrators as assigns” which appeared in an inter vivos trust agreement. The Court said:
“In the present indenture neither the word ‘or’ nor ‘and’ was used betweeti the donee’s name and the words of inheritance. Therefore, under the rules generally applied, an absolute gift iwould be deemed, intended, unless the use of the disjunctive ‘or’ between the words ‘administrators’ and ‘assigns’ would alter the construction to be placed on the clause.
“We think that the word ‘or’, so used, does not disclose an intention to give less than an absolute estate. In the first place, the use of the word ‘assigns’ in a document of the present nature is said to show the intention to give an absolute gift, for the power of assigning implies an absolute title. Matter of Tamargo, supra, 220 N.Y. [225] page 229, 115 N.E. 462. This would seem particularly so in the present instance for only personal property was being disposed of. Further, the placing of the disjunctive ‘or’ between ‘administrators’ and ‘assigns’ would seem to emphasize the settlor’s purpose to make an absolute gift, for it places the donee’s assigns in a distinct class. The word ‘or’, as used here, has grammatical application only to the various classes designated. It can have no grammatical effect that would indicate the designation of a substitutional class for the donee, because the disjunctive is not found between the name of the donee and the other classes referred to.”
The general statements by other courts have indicated that use of the word “assigns” makes any phrase one of limitation. 96 C.J.S. Wills § 739a, p. 135.
“No reason appears for giving to the word ‘heirs,’ * * * any greater significance than should be given to the word ‘assigns.’ The latter word would have been meaningless if used as a word of substitution.” Jackson v. Hunter, 1915, 171 Cal. 346, 153 P. 231, 233.
“And so also in Re Denari’s Will, 165 Misc. 450, 300 N.Y.S. 1279, where the clause was,- one third part or one third share, I give, devise and bequeath to my son, Eugene Denari, ‘to and for his own use, his heirs and assigns, absolutely and forever’. There also the legatee predeceased the testator, and it was insisted that the use of the quoted words showed a clear intention against lapsing. The point was rejected, and relying on the Tamargo case, supra, the court repeated that the use of the word ‘assigns’ made it clear that the gift was absolute and not alternative.” Glotzbach v. Kneessi, 1941, 73 App.D.C. 282, 121 F.2d 30, 31.
*43 The County Judge properly construed that the words in question were words of limitation and not of purchase; accordingly the Order appealed from is hereby affirmed.
ALLEN, Acting C. J., and SHANNON, J., concur.