In the Matter of the Accounting of ALBERT W. PROSS et al., as Executors of MALKY LYONS, Deceased.

ALBERT W. PROSS et al., as Executors of and Trustees under the Will of MALKY LYONS, Deceased, et al., Appellants.

JOSEPH G. LYONS, Respondent.

(Submitted April 14, 1936; decided May 19, 1936.)

*Alexander Halpern, Charles H. Edwards* and *Albert W. Pross* for Albert W. Pross et al., as executors of Malky Lyons, deceased, et al., appellants.

*Frederick A. Keck,* as special guardian, and *Fred L. Gross* for Sylvia D. Spiegel et al., infants, appellants.

*Jacob Landy* and *Bernard Cahn* for respondent.

LEHMAN, J.   The executors named in the will of Malky Lyons have filed their accounts and have asked for the construction of the residuary clause of that will.   The attempted disposition of part of the residuary estate is patently invalid.   The problem presented upon this appeal is whether such invalidity results in intestacy as to the entire residuary estate or affects only a portion thereof.

The testatrix at the time of her death had four children and each of these children had living issue.   She directed that her residuary estate should be divided into four equal parts, and that one of such parts should be paid over to her son Nathaniel Lyons.   She then directed that the trustees should hold in trust the other three shares or parts, to pay over the income of one of such shares to her son Lewis E. Lyons during his life; to pay over the income of another part to her daughter Annie L. Spiegel during her life, and to pay over the income of a third part to the *two children* of her son Joseph G. Lyons during each of their natural lives.   As to the two shares of the residuary estate allotted to Lewis and Annie, the will

provided that, upon the death of each of such children, his or her share should be divided in as many shares as he or she should leave children surviving and predeceased children leaving descendants; that the principal of one such share should be paid over to the descendants of each deceased child and the share of each surviving child should be invested and the income thereof applied to the use of such surviving child during his or her life, with remainder to his or her descendants or heirs at law.

The provisions of the will can be carried out without violation of any rule of law so far as concerns the share to be paid over to the son Nathaniel H. Lyons, and the share allotted to the two children of Joseph G. Lyons and their descendants. Invalidity inheres only in the attempted disposition of the two shares allotted to the other two children and their descendants *after* the death of the life beneficiaries. There the trust might continue during the life of a child not in being at the time of the death of the testatrix. The courts below have correctly held that the attempted creation of secondary life estates in two shares of the residuary estate of the testatrix after the termination of the primary life estates is invalid. To that extent, then, the testamentary scheme of the will cannot be carried out, and at least the remainder in two shares of the estate, after the death of the life beneficiaries, must pass as in case of intestacy to the four children of the testatrix.

We must endeavor to carry out as far as possible the intent of the testatrix. " When it is possible to cut out the invalid provisions, so as to leave intact the parts that are valid, and to preserve the general plan of the testator, such construction will be adopted as will prevent intestacy, either partial or total, as the case may be." ( *Kalish* v. *Kalish,* 166 N. Y. 368, 375.) Excision of a part of the testamentary disposition of an estate with consequent partial intestacy defeats to that extent the intent of the testator. Nevertheless " if we can read into a will an

intention to preserve any part of it, even with the illegal portions stricken out, the court will do so." (*Matter of Durand*, 250 N. Y. 45, 53.) No rigid rule can be formulated by which the court can determine in each case whether excision of the invalid portions of a will will leave intact the general plan of the testator. Within the limitations imposed by law, a testator may choose the objects of his bounty and divide his estate among them as he sees fit. Excision of an invalid bequest to one child or descendant may result in injustice not intended by the testator, and in an inequitable division of the estate. It may so deform the general plan of division that the court is constrained to find that total intestacy would more nearly carry out the testator's intentions than partial intestacy. The courts will excise the invalid portions of a will and preserve the remainder where such excision does not pervert or deform beyond recognition the intention of the testator.

The Legislature may by statute create a general rule for the distribution of the property of a decedent in case of intestacy. The general rule so formulated cannot take into account the desires or intentions of a particular decedent. Such desires or intentions are ineffective unless expressed in a will properly executed and which conforms to the limitations placed by law upon the testamentary power of the decedent. The courts give effect to a testamentary intent so expressed; where there is no such expression of intent the decedent's property must be distributed according to the general rule created by the Legislature.

A testator ordinarily takes into account the amount of his entire property. He allots to each of the objects of his bounty the share which he deems equitable. Invalidity in an attempted gift to a person who would not, in case of intestacy, share in the distribution of the intestate's property seldom, if ever, destroys the general plan of a will. It merely deprives such person of an intended

benefit and increases the amount which the next of kin or the residuary legatees of the decedent will receive. The attempted gift then is severable from the remainder of the will. That remainder will be preserved, for no intent can be gathered from the will, read as a whole, that invalidity in one part shall render the whole will invalid.

The situation may be different when a testator attempts to divide his estate among his closest relatives. Where the will shows an intent to divide the property in substantially equal proportions among individuals or family branches, the failure of an attempted gift may create such unintended inequality that the courts may reasonably find, in the language of the will, an intent that invalidity in a part of such division renders invalid the entire division. In such case the testamentary intentions of the testator may be more nearly given effect by declaring total intestacy than by attempt to give effect to a maimed and distorted testamentary provision.

In this case the excision of the invalid parts of the residuary clause, and partial intestacy there, will leave intact the provisions which the testatrix intended to make for all her children. She intended to give to her son Nathaniel a one-quarter share of her estate. He will receive that. She intended to give to her son Joseph nothing, but to give one share to his two children and their descendants. They will receive that. She intended to give to her remaining son and daughter, each a life estate in one share. They will receive that. The intention of the testatrix will be defeated only in one respect. The descendants of the son and daughter who take only life estates will not receive the intended gift of remainders after the termination of those life estates. By such partial intestacy, each child will receive remainder interests in two shares of the estate which the testatrix did not intend for them but did intend for the descendants of two of the children.

The Surrogate held that in such case the will discloses no intention that the entire residuary clause should fail because of the invalidity of secondary estates intended for the benefit of the descendants of two of the children. We think that conclusion is correct. The testatrix doubtless intended an equal division of her estate among the four branches of her family represented by her four children, but it cannot reasonably be said that this intention was dominant over her intention that two children should have only life estates with remainders to their descendants, and one child should receive nothing but that his descendants should take the share which in case of intestacy would go to him. The situation is far different from that present in such cases as *Benedict* v. *Webb* (98 N. Y. 460), where this court held that the preservation of a part of a will, in spite of invalidity in a related part, would produce " such manifest injustice " as to defeat the dominant intention of the testator.

It is significant that in this case the only child of the testatrix who appealed from the decision of the Surrogate is Joseph G. Lyons, who under the will of the testatrix did not share in the residuary estate. Neither he nor his children were affected by the invalidity of the secondary estates which the testatrix intended to create. Partial intestacy there produces no inequality against him or his branch of the family but total intestacy would result in defeating the intention of the testatrix that his children rather than he should receive a quarter share of the estate. The court cannot take seriously his claim that partial intestacy will produce " manifest injustice " and thus defeat the dominant testamentary purpose of the testator when the persons who suffer through such partial intestacy do not complain.

The order of the Appellate Division should be reversed and the decree of the Surrogate's Court affirmed, with costs in this court and in the Appellate Division to the appellants payable out of the estate.

CRANE, Ch. J., O'BRIEN, HUBBS, CROUCH, LOUGHRAN and FINCH, JJ., concur.

Ordered accordingly.