In the Matter of the Estate of CHARLES GUSTAVUS GREEN, Deceased.

Surrogate's Court, Kings County, September 14, 1936.

*Wrenn & Schmid,* for the petitioner, Kings County Trust Company.

*Austrian & Lance,* for Trenton Banking Company, as executor of James B. Dayton, deceased remainderman.

*Maurice R. Cheyette*, for Charles G. McFarlane and Henry H. McFarlane, remaindermen.

*Hyman Newman*, special guardian for Katheryn McFarlane and others, infant remaindermen.

WINGATE, S. The present proceeding for construction raises anew the perennial question as to whether or not remainder gifts of a residuary trust are to be deemed vested or contingent. In spite of repeated adjudications to the contrary (*Matter of Watson*, 262 N. Y. 284, 297; *Matter of Rossiter*, 134 Misc. 837, 839; affd., 229 App. Div. 730; affd., 254 N. Y. 583; *Matter of Weissman*, 137 Misc. 113, 114; affd. on opinion of this court, 232 App. Div. 698; *Matter of Corlies*, 150 Misc. 596, 597, 598; affd., 242 App. Div. 703; *Matter of Crespi*, 158 Misc. 383, 384), certain of the parties still place reliance upon the wholly illusory support of adjudications respecting allegedly similar language in other wills.

The briefs of certain other parties contain statements of alleged facts respecting the authorship of the document and the alleged inexperience of the scrivener in the technical use of language. No regard may be given them, since the statements, if true, have not been made a part of the record. (*Matter of Mehler*, 143 Misc. 63, 64; *Matter of Morningstar,* Id. 620, 624; *Matter of McKeogh*, 151 id. 327, 328; *Matter of Markowitz*, 152 id. 1, 2; *Matter of Lesser*, 154 id. 364, 365; *Matter of Razoux*, Id. 477, 478.)

As a result, the interpretation of the testamentary intent must be gleaned wholly from the language of the will itself. The disputed direction is contained in the fifth item, which erects a trust of the residuary estate " To invest and reinvest all my said estate, and keep the same invested, and the income received therefrom to pay the same to my wife, Ida Townsend-Green, for and during her natural life, and upon the death of my said wife, I direct my said trustee to divide my estate into four equal shares or portions, as follows:

" One portion thereof to be given to my sister Catherine Nelson McFarlane.

" One portion thereof to Alfred Dayton and Ralph Dayton, children of Alfred B. Dayton, deceased.

" One portion thereof to James B. Dayton.

" One portion thereof to Elizabeth D. Oliphant.

" In case of the death of any of my residuary legatees prior to my death, I give the share of the person or persons so dying, to the issue of the one so dying, in equal shares. In case of the death of any of my residuary legatees without issue, I direct that the share of the one so dying shall be distributed equally among the ones so

surviving, the issue of any one having died, to take the share their parent would have taken if living."

In the opinion of the court the key to the proper interpretation of the entire item is to be found in the final paragraph. In its analysis the preliminary question for determination is as to whether the two sentences of which it consists are, as is urged by one of the parties, to be viewed as providing for different time situations, or merely envisage alternate factual conditions on a single critical occasion. It must be obvious to any unprejudiced reader that the latter is the only permissible interpretation. The primary direction is that in the event of the death of any named remainderman, his share is to pass to his issue. The second sentence is merely a continuation of this direction, and guards against the contingency that the particular decedent remainderman is not survived by issue, in which eventuality the share to which he or his issue would have been entitled is to pass in equal shares to those of the named persons who survived or the issue of any who had died. The operative effect of the entire direction is, however, limited to the eventuality " of the death of any of my said residuary legatees *prior to my death* " (italics not in original), and accordingly supplies no direct guide for the manner of desired distribution on the existing facts, since all of the named residuary legatees survived the testator, although three of their number predeceased the life tenant whose death marked the termination of the trust.

The only alternatives open, therefore, are determinations, *first*, that the gifts to the respective named remaindermen vested on the death of the testator, and consequently passed to their respective personal representatives on their predecease (*Flynn* v. *McDermott*, 183 N. Y. 62, 67; *Sterrit* v. *Lee*, 44 App. Div. 619, 620; *Berkeley* v. *Kennedy*, 62 id. 609; *Walter* v. *Walter*, 60 Misc. 383, 393; affd., 133 App. Div. 893; affd., 197 N. Y. 606; *Matter of Stutzer*, 156 Misc. 684, 687; *Matter of Hoole*, Id. 821, 822; *Matter of Byles*, 157 id. 46, 48), or, *second*, that they were contingent, which would result in intestacy as to their shares by reason of the fact that the gift was made in the residuary disposition of the will without a valid gift over. (*Morton* v. *Woodbury*, 153 N. Y. 243, 256; *Wright* v. *Wright*, 225 id. 329, 340, 341; *Matter of Weil*, 151 Misc. 841, 848, affd., 245 App. Div. 522; *Matter of McCafferty*, 142 Misc. 371, 381; affd., 236 App. Div. 678; *Matter of Lyons*, 154 Misc. 368, 371; affd., 271 N. Y. 204.)

It is a familiar and frequently applied canon of construction that where two alternatives are reasonably available, one of which will result in partial intestacy and the other in complete testacy, the latter is to be preferred. (*Matter of McGowan*, 134 Misc. 409, 411;

affd., 228 App. Div. 779; affd., 254 N. Y. 513; *Matter of Rossiter,* 134 Misc. 837, 840; affd., 229 App. Div. 730; affd., 254 N. Y. 583; *Matter of Weissman,* 137 Misc. 113, 119; affd. on opinion of this court, 232 App. Div. 698; *Matter of Weil,* 151 Misc. 841, 848; affd., 245 App. Div. 822; *Matter of Frank,* 153 Misc. 688, 690.)

The only plausible argument against its employment in the present instance is based on the donative language of the remainder shares, which reads: " Upon the death of my said wife, I direct my said trustees to divide my estate into four equal shares," by reason of which it is asserted that the so-called " pay and divide rule " becomes applicable, with the result that no present gift as of the time of testator's death is made. (*Matter of Hopner,* 148 Misc. 748, 750; affd. on opinion of this court, 242 App. Div. 652; *Matter of Gurlitz,* 134 Misc. 160, 165; *Matter of Leonard,* 143 id. 172, 178; *Matter of Denniston,* 157 id. 80, 82.)

This so-called rule is, however, merely a canon of construction and, it has been said (CULLEN, Ch. J., in his dissenting opinion in *Dickerson* v. *Sheehy,* 209 N. Y. 592), is " more honored in the breach than in the observance." However this may be, it is certainly no more an authoritative criterion of decision than many other indications of intention upon which the courts seize as an ultimate resort when the language of the will leaves the intended disposition in doubt. (*Fulton Trust Co.* v. *Phillips,* 218 N. Y. 573, 583; *Matter of Beckmann,* 158 Misc. 706, 709.) Furthermore, it has been the experience of this court that the attributed technical connotation of such a mode of gift is unrealized by the great mass of attorneys whose practice has not led them to specialize in the field of testamentary draftsmanship. The present instrument contains no internal evidence to indicate that the scrivener was one of this select few.

In this situation it is incumbent on the searcher for the actual intent of the testator to scrutinize the document for any evidence which it may contain respecting the meaning attributed to the phrase by the testator. Such evidence is found in the alternate direction in the final paragraph of the item where it is expressly stated that in the eventuality envisaged, " I *give* the share of the person * * * so dying " to the alternate remainderman. This is obviously a word of present gift speaking as of the date of death of the testator. (*Brundage* v. *Brundage,* 60 N. Y. 544, 548; *Matter of Duffy,* 143 Misc. 421, 422; *Matter of Schreier,* 147 id. 539, 540; *Matter of Larney,* 148 id. 871, 878.) Since they are in *pari materia,* the intention of the testator in the earlier direction is obviously the same.

It results that the composite direction is to be construed as a gift as of the date of death of the testator to the individuals expressly named as remaindermen (*Matter of Woodruff*, 135 Misc. 203, 207), which must be held to have vested immediately upon the testator's death. (*Matter of Lamb*, 182 App. Div. 180, 186; affd., 224 N. Y. 577; *Matter of Gardner*, 140 id. 122, 129; *Matter of Young*, 145 id. 535, 537, 538; *Matter of Traver*, 161 id. 54, 57; *Roosa* v. *Harrington*, 171 id. 341, 353; *McLean* v. *McLean*, 207 id. 365, 375; *Shangle* v. *Hallock*, 6 App. Div. 55, 58; *Carr* v. *Smith*, 25 id. 214, 216; affd., 161 N. Y. 636; *Murtha* v. *Wilcox*, 47 App. Div. 526, 529; *Matter of Yerks*, 107 id. 240, 242; *Matter of Soy*, 143 Misc. 217, 221; *Matter of Perlmutter*, 156 id. 571, 573, 574.)

The remainder is accordingly distributable, one-fourth each to the personal representatives of Catherine Nelson McFarlane, James B. Dayton and Elizabeth D. Oliphant and one-eighth each to Alfred Dayton and Ralph Dayton.

Enter decree on notice in conformity herewith.