## In the Matter of the Estate of JOHN KERWIN, Deceased.

Surrogate's Court, Kings County, December 9, 1936.

*Coombs & Wilson,* for Andrew T. Sullivan and Christopher C. Mollenhauer, as trustees, petitioners.

*Frank A. Barrera,* for Ida L. Kerwin, widow of Stephen J. Kerwin, deceased son of decedent, individually and as executrix of said son.

*James J. Milligan,* for Rita H. Kerwin, daughter of deceased son of decedent.

*Sidney Golden,* for Elizabeth Thompson, contingent remainderman.

WINGATE, S. The universally applicable test of whether a trust is valid as not involving an infringement of sections 42 of the Real Property Law and 11 of the Personal Property Law, is that of possibility. If, when viewed as of the moment of the death of the testator there is a *possibility* that there may be a suspension of the power of alienation for a period in excess of two lives then in being, the limitation is void. (*Schettler* v. *Smith,* 41 N. Y. 328, 334; *Matter of Wilcox,* 194 id. 288, 295; *Matter of Davison,* 134 Misc. 769, 771; affd. on opinion of this court, 230 App. Div. 867; *Matter of Von Deilen,* 154 Misc. 877, 884.) The fact that it *may* so terminate is not enough unless such termination is inevitable. (*Matter of Howells,* 145 Misc. 557, 562, 563.)

In the present will the entire residuary estate was erected into a trust for the life benefit of the testator's son, Stephen J. Kerwin. Upon his death, the trustees were directed to divide the corpus into three parts, one of which was to be held in trust for the life benefit of " the widow of my son Stephen J. Kerwin, if any shall survive him " during her life or widowhood, and upon the termination of her equitable estate by the happening of either conditioning event, the principal was payable to the then living descendants of Stephen, *per stirpes.*

The remaining two-thirds was directed to be divided into as many parts as there were children of Stephen surviving him, and each one of such parts held on a secondary trust for each such surviving child with income payable to it until it attained the age of thirty years or died, when the principal was to be paid to such child or its issue, if any, and failing issue, to the surviving brothers and sisters of such child.

It is wholly patent that both of these trusts are bad as affording the possibility that the secondary trusts might be measured by the lives of persons not in being at the date of death of the original testator. (*Matter of Lyons,* 154 Misc. 368, 369; affd., 271 N. Y. 204; *Matter of Terwilligar,* 135 Misc. 170, 175; affd. on opinion of this court, 230 App. Div. 763; *Matter of Davison,* 134 Misc. 769, 771; affd. on opinion of this court, 230 App. Div. 867; *Matter of Milhau,* 151 Misc. 283, 286, 287; *Matter of Wickham,* 139 id. 729, 731.)

The secondary trust for Stephen's widow was measured by the life of any woman answering this description at his death, who

might have been a person born subsequent to the death of the testator, and the secondary trust for the child or children of Stephen was for the benefit of any child of Stephen, no matter what the date of his or her birth in relation to the date of death of the testator. As a matter of fact, the only child of Stephen who survived him was born on December 31, 1913, which was more than nineteen months after the death of the testator.

Since both of the secondary trusts involve violations of the statutes against perpetuities, the remaining question is as to whether the remainders may be accelerated or whether the corpus must devolve as intestate property.

The remainder of the invalid trust for the widow is payable in equal shares to the children of Stephen living at the time of her death or to their issue *per stirpes*. The remainder of the other trust is payable to the children of Stephen upon their attainment of the age of thirty years, if they live as long, or to their issue, if any, and if none, to others.

It follows that both of these remainders are limited to different persons or sets of persons depending on the conditions which may chance to exist on the death of the particular secondary life beneficiaries, wherefore neither is absolutely vested, which condition alone will permit of an acceleration. (*Matter of Terwilligar*, 135 Misc. 170, 183, 184; affd., on opinion of this court, 230 App. Div. 763; *Matter of Lyons*, 154 Misc. 368, 371; affd., 271 N. Y. 204; *Matter of Drake*, 153 Misc. 691, 693; affd., 246 App. Div. 758; *Matter of Moores*, 155 Misc. 471, 474; affd., 248 App. Div. 738; *Matter of Kramer*, 153 Misc. 606, 608; *Matter of Burling*, 148 id. 835, 844; *Matter of Wickham*, 139 id. 729, 731; *Matter of Mann*, 138 id. 42, 46.)

Since, therefore, the entire disposition beyond the primary estate for Stephen is invalid, and the gift is contained in the residuary disposition of the will, said property must, as an entirety, devolve as intestate property. (*Matter of Lyons*, 154 Misc. 368, 371; affd., 271 N. Y. 204; *Matter of McCafferty*, 142 Misc. 371, 381; affd., 236 App Div. 678; *Matter of Drake*, 153 Misc. 691, 693; affd., 246 App. Div. 758; *Matter of Moores*, 155 Misc. 471, 474; affd., 248 App. Div. 738; *Matter of Green*, 160 Misc. 490, 492.)

Enter decree on notice in conformity herewith.