In the Matter of the Estate of JAMES HALE BATES, Deceased.

Surrogate's Court, Kings County, March 19, 1940.

*Morgan & Lockwood,* for the City Bank Farmers Trust Company, as trustee of the trust for Alice Bertha Del Grella, petitioner.

*Barr, Robbins & Palmer,* for Florence W. Griswold.

*Leonard N. Snedeker,* special guardian for Charles W. Field and Robert Gray Twombly.

*George B. Draper* and *Myer Miller,* for Low A. Bates.

*Robert F. Greacen,* for the Brooklyn Home for Aged Men, legatee.

*Cullen & Dykman,* for the Brooklyn Home for Children, legatee.

*Gleason, McLanahan, Merritt & Ingraham,* for the Packer Collegiate Institute, legatee.

*Chase & Cahoone,* for the Long Island Historical Society.

*Wood, Molloy & France,* for the Congregational Home Missionary Society, legatee.

*Watson, Kristeller & Swift,* for the Plymouth Church of the Pilgrims, legatee.

*Latson & Tamblyn,* for the Brooklyn Association for Improving the Condition of the Poor, legatee.

*Francis H. Warland,* for the Crescent Athletic Club of Brooklyn, legatee.

*White & Case,* for Russell D. Morrill, as executor, etc., of Charles Bates Hunter, deceased.

WINGATE, S. The question of testamentary interpretation here propounded relates to the persons entitled to participate in the remainder distribution of three trusts erected by the will of this decedent who died November 29, 1901. The particular item in question is numbered " Fifteenth " and provides that if any part of the property of the decedent shall be found to have failed of valid disposition in the preceding items of the will, then such part, " I wish and direct to be equally divided and go one third to the next of kin of myself as if I had died intestate, one third to the next of kin of my wife as if she had died intestate, and one third to the next

of kin of my daughter as if she had died intestate; such division into thirds by the classes named even though some persons may thereby receive more than others by reason of common kinship."

The preliminary question in controversy relates to the time as of which these several " next of kin " are to be determined, the alternate contentions being on the one hand that the times of the several deaths of the persons to whom the kinship is referred should govern, and, on the other, that the time of possessory enjoyment must control, which was on the death of the daughter, which occurred on January 22, 1936.

In the opinion of the court, the former position is correct. The direction became effective only by reason of the fact that the other directions of the will failed to make complete and valid disposition of the assets of the decedent. That failure existed at the moment of the death of the testator, which was the date from which it must be deemed to speak (*Brundage* v. *Brundage,* 60 N. Y. 544, 548; *Matter of Shevlin,* 143 Misc. 213, 217; affd., 242 App. Div. 636; affd., 278 N. Y. 548; *Matter of Williams,* 162 Misc. 507, 509; affd., 254 App. Div. 741), despite the circumstance that the fact or amount of the ineffective disposition might not be determined until some future time.

Except for the direction contained in this item under construction, the ineffectively directed portion of the property would have devolved in intestacy (*Morton* v. *Woodbury,* 153 N. Y. 243, 256; *Pomroy* v. *Hincks,* 180 id. 73, 75; *Wright* v. *Wright,* 225 id. 329, 340, 341; *Matter of Lyons,* 154 Misc. 368, 371; affd., 271 N. Y. 204; *Matter of Weil,* 151 Misc. 841, 848; affd., 245 App. Div. 822; *Matter of McCafferty,* 142 Misc. 371, 381; affd., 236 App. Div. 678) immediately upon the death of the testator (*Read* v. *Williams,* 125 N. Y. 560, 570; *Barber* v. *Terry,* 173 App. Div. 469, 471; *Matter of Hilliard,* 164 Misc. 677, 692; affd., 254 App. Div. 879; *Matter of Williams,* 162 Misc. 507, 509; affd. 254 App. Div. 741) to the persons described in the statutes effective on that date, as the recipients of such property of the decedent as had not been made the subject of valid testamentary direction.

As to one-third of the property the manner of devolution of which this testator had failed validly to direct in the preceding items of his will, he expressed the wish that it should be distributed in a manner identical with that in which it would have gone had no direction in respect thereof been inserted in the will, namely, " to the next of kin of myself as if I had died intestate." No controversy can exist in this connection respecting the final third, given to " the next of kin of my daughter as if she had died intestate," since the date of vesting in the class designees and the date of possessory enjoyment

were the same. The issue is, therefore, reduced to the second third, given to " the next of kin of my wife as if she had died intestate." In the opinion of the court this question should be determined as vesting the right of receipt in those who answered the class description on the death of the wife, both for reasons of uniformity with the other similar directions, and because of the inference of a testamentary intention that a vesting shall occur at the earliest possible moment compatible with the express directions of the will. (*Riker* v. *Gwynne*, 201 N. Y. 143, 149; *Bowditch* v. *Ayrault*, 138 id. 222, 228; *Whitman* v. *Terry*, 196 App. Div. 282, 287; *Williams* v. *Williams*, 152 id. 323, 325; *Matter of Meyer*, 162 Misc. 426, 428.) It is accordingly determined that the persons answering the class descriptions of next of kin of the three named individuals are those who were in existence at the deaths of those individuals, respectively. (*Matter of Harned*, 138 Misc. 546, 548; affd., 234 App. Div. 796; *Matter of Ackerman*, 137 Misc. 910, 916; *Matter of Lesser*, 158 id. 895, 899.)

In approaching a determination of the identity on November 29, 1901, of the persons coming within the description of " the next of kin of myself as if I had died intestate," a contradiction in description is encountered. On the one hand, section 1870 of the Code of Civil Procedure, as then in effect, provided: " The term ' next of kin ' as used in this title, includes all those entitled, under the provisions of law relating to the distribution of personal property, to share in the unbequeathed assets of a decedent, after payment of debts and expenses, other than a surviving husband or wife," and it was well established prior to 1930 that the term " next of kin, used *simpliciter*," did not include a surviving spouse. (*Slosson* v. *Lynch*, 43 Barb. 147, 149; *Tillman* v. *Davis*, 95 N. Y. 17, 24; *Matter of Waring*, 275 id. 6, 13.)

On the other hand, section 2732 of the Code of Civil Procedure as in force on the date of the testator's death, in so far as presently material, read:

" If the deceased died intestate, the surplus of his personal property after payment of debts; and if he left a will, such surplus, after the payment of debts and legacies, if not bequeathed, must be distributed to his widow, children, or next of kin, in the manner following:

" 1. One-third part to the widow, and the residue in equal portions among the children, and such persons as legally represent the children if any of them have died before the deceased."

The question thereupon arises as to whether by the gift to his " next of kin " the testator intended to limit participation to his blood relatives, or whether by the addition of the words of descrip-

tion "as if I had died intestate" he desired to extend the limited connotation of the term to include all persons, including his wife, who would have been entitled to take in intestacy under the terms of the statute effective at the date of his death. The court inclines to the latter view. *Matter of Waring* (275 N. Y. 6) is not determinative of the question and *Slosson* v. *Lynch* (43 Barb. 147, 149), which is cited with approval by the court in that opinion, stresses the conception that the limitation of the term to blood relatives is applicable only where the term "next of kin" is used *simpliciter*. Here it is qualified by the addition of a phrase which is contradictory of an intention for its employment in its strict legal significance.

An added consideration, if this be required, is found in the circumstance that the testator has made contradictory directions, the former inferentially excluding the widow, the latter including her. If both may be deemed equally potent and they be considered irreconcilable, the latter must prevail. (*Van Nostrand* v. *Moore*, 52 N. Y. 12, 20; *Van Vechten* v. *Keator*, 63 id. 52, 55; *Trustees of Theological Seminary of Auburn* v. *Kellogg*, 16 id. 83, 88; *Roseboom* v. *Roseboom*, 81 id. 356, 359; *Adams* v. *Massey*, 184 id. 62, 69; *Matter of Manice*, 31 Hun, 119, 120; *Nolan* v. *Nolan*, 169 App. Div. 372, 375.)

The court, therefore, determines that the first one-third of the invalidly directed property devolves to the statutory distributees of the testator in the proportions specified in section 2732 of the Code of Civil Procedure then in effect, namely, one-third to his widow and two-thirds to his daughter. (*Pomroy* v. *Hincks*, 180 N. Y. 73, 75.) Since both are now dead, these sums are payable to their respective executors or administrators. (*Flynn* v. *McDermott*, 183 N. Y. 62, 67; *Sterrit* v. *Lee*, 44 App. Div. 619, 620; *Berkeley* v. *Kennedy*, 62 id. 609; *Walter* v. *Walter*, 60 Misc. 383, 393; affd., 133 App. Div. 893; affd., 197 N. Y. 606; *Palmer* v. *Green*, 63 Hun, 6, 7.)

Turning next to the one-third portion directed to be paid "to the next of kin of my wife as if she had died intestate," the same theory of distribution is to be adopted as that just discussed. The widow died on May 21, 1926, on which date her statutory distributees under section 87 of the Decedent Estate Law, as then in force, were her nephews, William L. W. Field and James A. Field. They accordingly became entitled to participation in equal shares. Since the latter has died in the interval, his portion is payable to his executor or administrator.

The devolution of the final third is governed by subdivision 1 of section 83 of the Decedent Estate Law as existing at the time of the death of the daughter. (*Matter of Battell*, 173 Misc. 273.) Her distributees thereunder were her husband, George Hays, to the

extent of one-third and her adopted daughter, Florence W. Griswold (Dom. Rel. Law, § 115; *Carpenter* v. *Buffalo General Electric Co.*, 213 N. Y. 101, 108; *Matter of Cook*, 187 id. 253, 260; *Matter of Horn*, 256 id. 294, 297; *Rosekrans* v. *Rosekrans*, 163 App. Div. 730, 732; *Matter of Guilmartin*, 156 Misc. 699, 702; affd., 250 App. Div. 762; affd., 277 N. Y. 689; *Matter of Marsh*, 143 Misc. 609, 613; *Matter of Pierro*, 173 id. 123, 124), to the extent of two-thirds.

The manner of distribution of the portion of the property not validly directed pursuant to the first fourteen items of the will of the decedent, is, accordingly, as follows, four-eighteenths each to Florence W. Griswold, and to the executors and administrators of Alys B. Del Grella; three-eighteenths each to William L. W. Field and to the executors or administrators of James A. Field; and two-eighteenths each to George H. Del Grella and to the executors or administrators of Mary Field Bates Spalding.

Enter decree on notice in conformity herewith.