In the Matter of the Estate of GEORGE V. HECKER, Deceased.

Surrogate's Court, New York County, February 5, 1942.

*Coudert Brothers,* for the petitioners.

*Cassidy & Cassidy* [*Lawrence L. Cassidy* and *Mortimer M. Cassidy* of counsel], for John McKeon Hecker, Neva Hecker Sadlier and Paula M. J. Farrelly, respondents.

*Iselin, Riggs, Ferris & Mygatt* [*Emmett W. Poindexter* and *Perry D. Trafford, Jr.,* of counsel], for Lionel P. Kristeller, as executor, Frances Hungerford Hecker, and Fidelity Union Trust Company and Lionel P. Kristeller, as trustees, respondents.

FOLEY, S. This is a trustees' accounting in which a construction of the will is sought.

The testator died on February 14, 1888, leaving a will executed January 21, 1887, and a codicil executed October 10, 1887, both of which were admitted to probate by a decree of this court.

By his will the testator created a trust for each of his four children for life. The remainder of each trust is disposed of by a direction to the trustees in the following language: " and upon his or her death shall distribute the same to his or her heirs or next of kin as the case may be according to the laws of the State of New York in case of intestacy."

The testator was survived by his four children and four grandchildren. All of the children and one of the grandchildren are now dead and all of the trust remainders have been distributed to the children and grandchildren of the testator except the remainder of the trust for the daughter, Anna W. Hecker, the last surviving child, who died on June 23, 1941. The present controversy relates

to the proper method of distribution of the remainder of the trust for her benefit.

Anna W. Hecker was survived by three grandchildren of the testator and by a daughter whom she adopted by a decree of this court in 1916. The three surviving grandchildren of the testator contend that they are entitled to the entire remainder. The adopted daughter of the life tenant likewise claims the entire remainder. The only issue is the status of the adopted daughter as an heir at law and next of kin of the life tenant under the laws of the State of New York in case of intestacy.

Counsel have cited and carefully analyzed practically all of the cases construing the statutes as to the effect of an adoption and relating to the right of an adopted child to inherit under the will of a third person. The surrogate is familiar with the rules enunciated by these cases but deems them inapplicable in this estate. The question here concerns only the intention of the testator. He has defined the remaindermen who take on the death of the life tenant as " her heirs or next of kin as the case may be according to the laws of the State of New York in case of intestacy." The gift here is not to the " heirs or next of kin " of the life tenant *simpliciter* but to her heirs and next of kin determined under the intestacy statutes in effect at her death. Thus the language of the will brings this case within the express exception to the rule that a gift to " heirs " or " next of kin " is limited to blood relatives. In restating this rule in *Matter of Waring* (275 N. Y. 6) Judge RIPPEY noted this exception by stating (pp. 13, 14): " Had the testator here said merely that the remainder should pass according to the laws of the State of New York in effect at the time of the death of the son," distribution under the provisions of section 83 of the Decedent Estate Law would be made. Thus the language employed by the testator does not limit the remainder gift to those of the blood of the life tenant. (*Matter of Waring, supra; Matter of Bound,* 171 Misc. 591.) If the life tenant had married and was survived by her husband, he would be entitled to share in the remainder as a distributee of the life tenant under the language of the will. The status of the adopted daughter as a distributee of the life tenant is indisputable. (Dom. Rel. Law, § 115; Dec. Est. Law, § 83, subds. 5, 14.) She is, therefore, entitled to the entire remainder as the only member of the class of remaindermen defined by the testator.

Here the gift is not to a " child " or " heir " of the life tenant nor is there a remainder gift to take effect in the event that the life tenant die without children or heirs. The gift is to the statutory distributees of the life tenant. In *Matter of Bates* (173 Misc. 703) it was squarely decided that such a gift included an adopted

child among the class of remaindermen. The trend of the more recent decisions has been to extend rather than to restrict the right of inheritance of an adopted child. (*Matter of Walter*, 270 N. Y. 201: *Matter of Horn*, 256 id. 294; *Bourne* v. *Dorney*, 184 App. Div. 476; affd., 227 N. Y. 641; *Matter of Horvath*, 155 Misc. 734; *Matter of Mawhinney*, 146 id. 30.)

I accordingly hold that under the terms of the will the remainder of the trust accounted for is distributable to the adopted daughter of the life tenant.

In the answer filed by the testator's grandchildren, the right to file objections to the account was reserved until after the determination of the question of construction. As the issue of construction has been determined adversely to these respondents, they have no status as interested parties and cannot file objections to the account.

Accordingly, a decree may be submitted on notice construing the will and settling the account in accordance with this decision.