Irving H. Saypol, J.
Motion is granted, the trustee’s accounts are settled and allowed and upon performing its remaining obligations to be stated in the order to be entered hereon the substituted trustee will be released and discharged as to all matters embraced in the account.
The two trust declarations referred to in the caption are substantially similar. The settlor, Selmar Hess, irrevocably entrusted securities for the benefit of his daughter, Gertrude R. H. Elkus, as life tenant. Upon her death the following was provided: ‘ ‘ But should the said Gertrude R. H. Elkus leave children her surviving, then upon her decease the corpus of said fund shall forthwith be divided into as many separate, equal and distinct shares or portions per stirpes as she, said Gertrude, may leave children and grandchildren her surviving, that is to say; one equal share for each child and one equal share for the issue of each deceased child. In such event the share or shares so belonging to the issue of each deceased child of the said Gertrude R. H. Elkus shall immediately upon the decease of said Gertrude be paid over and distributed to such issue of each such deceased child of her, said Gertrude, in equal proportions. But the separate shares of each child of said Gertrude who may survive her shall remain and be subject to the trusts created hereby and shall be invested as hereinabove set forth, and the interest or income thereof applied towards the support and maintenance of the particular child of said Gertrude to whom the same shall belong, during the life of said child, and upon his or her decease, the corpus of the particular share *678 of such deceased child shall be divided between the lawful issue of said deceased child in equal proportions, share and share alike; and in default of lawful issue then to and among the brothers and sisters or other collateral next of kin of said deceased child according to the statutes of distribution in cases of intestacy.”
The dominant scheme of the trust instruments shows the intent of the settlor, as complemented by his will as it is shown by the petition, to provide first trust income for the life of his daughter, Gertrude R. H. Elkus, secondly to provide by succeeding trusts for her children, of whom there were three, Ethel J. E. Hadas, Katharine E. White, and James H. Elkus. Of the latter, none were in being at the effective date of the first trust and only Mrs. Hadas at the creation of the second trust. She predeceased Mrs. Elkus, leaving two children. Mrs. White and James Elkus survive their mother, Mrs. Elkus, with two and three children respectively. Accordingly, there are a total of seven great-grandchildren of the settlor who finally are to take the corpus of whom the three children of James Elkus are infants-wards of the special guardian.
As the trustee suggests, avoiding intestacy in the construction of the inter vivos trust is the preferable object to be attained (Matter of Lyons, 271 N. Y. 204) although all three of the secondary trusts provided by the first instrument and the last two of the second are invalid for violating the rule against perpetuities (Personal Property Law, § 11; Matter of Mann, 138 Misc. 42). It is clear that the settlor’s intent (Matter of Woodward, 284 App. Div. 459) as analyzed by the special guardian was to give a life estate to his daughter, Gertrude R, H. Elkus, if she should die without issue or grandchildren then there was to be a reversion to the settlor as in intestacy, if she should leave no children but grandchildren then a stirpital distribution to the latter. If she should leave children and grandchildren (as she did) then the settlor provided the same per stirpes division for his great-grandchildren but the grandchildren’s shares were to be continued in trust for their lives. In any event the remainders were to be paid finally to the grandchildren of the primary life tenant, the settlor’s great-grandchildren.
The secondary trusts for the children of Gertrude Elkus, life beneficiary, are void since they offend section 11 of the Personal Property Law (Matter of Mann, supra). Excising the invalid portions of the trusts leaves as a matter of allowable construction carrying out the settlor’s intent that effected by a stirpital distribution among all the great-grandchildren of the settlor *679 who are out of the issue of Gertrude Elkus. The foregoing construction as urged by the trustee and special guardian is adopted and distribution of the corpus shall be accordingly, viz., one sixth of each trust to each of the children of Mrs. Hadas and Mrs. White and one ninth of each trust to the children of James H. Elkus.
The fee paid to the attorneys having been allowed in the amount paid in virtue of the approval of the account, the fee of the special guardian is fixed and allowed at $750.
Settle order.