Edgar F. Hazleton, S.
In this proceeding the court is asked to construe articles Sixth, Seventh, Eighth, Ninth, Tenth and Eleventh of the will of decedent. Those articles are hereinafter summarized.
In article Sixth decedent directed his executor to set aside the sum of $5,000 and deposit it in a savings institution in the executor’s name in trust for decedent’s son, Joseph, the interest to be paid to the son and the principal to be paid to the son upon his attending college and earning a degree or upon his attaining the age of 30 years, whichever event shall first occur. If the son shall not earn a college degree at the age of 30 years, or if he dies before attaining age 30, the fund passes into and becomes part of the residuary estate.
Article Seventh contains a similar provision for decedent’s son, Mano el De Bono, Jr.
Article Eighth provides for a similar type of trust fund but in the amount of $10,000 for decedent’s daughter Carmen De Bono with income to be paid to her until she attains the age of 30 and the principal to be paid to her at that age. If she dies before attaining that age, the fund falls into and becomes part of the residuary.
Article Ninth contains a similar provision for decedent’s daughter, Dorothy.
Article Tenth provides for a trust for decedent’s wife, Adelaide De Bono, in an amount equal to the intestate share distributable to her as determined by the laws of the State of New York, of which the income is to be paid to the wife and, upon her death, the principal of which is to become part of the residuary estate.
Article Eleventh provides for the disposition of the residuary estate as follows: “ To divide the same into four equal portions or shares, to be held respectively for the benefit of my children, Joseph De Bono, Mangel De Bono, Jr., Carmen De Bono and Dorothy De Bono, and to collect and receive the rents, issues, income and profits on each of said shares -and to pay over the same to the beneficiary thereunder until he or she shall attain the age of thirty five years, at which time my said son or daughter, as the case may be, shall receive the principal of said trust fund together with any accrued and unpaid over income therein. In the event that any of my said children shall *300 die before attaining the age of thirty five years, then and in that event I direct that his or her share shall be divided equally among my surviving children in accordance with the terms of this paragraph.” (Emphasis supplied.)
The widow, in her petition for a construction of paragraphs Sixth through Eleventh requests that the court determine first, whether these trusts violate section 11 of the Personal Property Law pertaining to the limitation of suspension of ownership of personal property. She then asks whether, if this court finds an invalid suspension, the remainders created in the trusts may be accelerated and whether they are vested or contingent. Her next question is whether intestacy results and if it does result, she prays that there be a determination of her rights as widow under article Tenth. Her final inquiry is what force is to be given to article Second of the will.
Obviously, if the court determines that there is no violation of section 11 of the Personal Property Law pertaining to the limitation of suspension of ownership of personal property, it need not pass upon the other questions of construction.
The parties seem to agree that if the testator had completed the last sentence of article Eleventh of his will by stopping at the word ‘ children ’ ’, or as the petitioner suggests if he had said that the share should be divided equally among his or her surviving brothers or sisters, there would be no problem of construction. The petitioner takes the position that in the last eight words of the sentence the testator has directed that such a share shall be added to the trusts of decedent’s residuary estate and if they were so added and if any of the trusts provided for in articles Sixth through Ninth fall into the residuary estate, there may be an invalid suspension in violation of section 11. The same may be said of the trust under article Tenth which will become part of the residuary estate on the death of the widow and in fact the same possibility could follow as to the residuary standing by itself because if the first beneficiary of the trust of the residuary died before 35 and petitioner’s contention is correct, that share will be divided into three parts and held in further trusts. And if any of the beneficiaries of those other trusts subsequently died before 35 again the share would be divided and might be held in further trusts.
The executor contends that what the decedent meant was that if any of the decedent’s four named children who are the beneficiaries of the four trusts carved out of the residuary estate died before attaining the age of 35, the share so held in trust is to be divided among the surviving children outright and that the phrase “ in accordance with the terms of this paragraph ” sim *301 ply meant to identify the children who were described previously in the paragraph by name.
The court thus is presented with the problem of construing the will of the decedent to determine what he meant by the provisions in the paragraph just discussed.
This court said in Matter of McGuire (123 N. Y. S. 2d 428, 432, affd. 283 App. Div. 825, motion for leave to appeal denied 307 N. Y. 809) that:
“ In construing the will this Court must of course apply the law after ascertaining the intention of the testator from a reading of the entire instrument. The Court is mindful of the admonition of our Court of Appeals in Matter of Lyons’ Will, 271 N. Y. 204, at page 209, 2 N. E. 2d 628, at page 630, where it was stated:
“ ‘ The Legislature may by statute create a general rule for the distribution of the property of a decedent in case of intestacy. The general rule so formulated cannot take into account the desires or intentions of a particular decedent. Such desires or intentions are ineffective unless expressed in a will properly executed and which conforms to the limitations placed by law upon the testamentary power of the decedent. The courts give effect to a testamentary intent so expressed; where there is no such expression of intent the decedent’s property must be distributed according to the general rule created by the Legislature. ’
“ Tims if this Court finds that what the testator intended to do was prohibited by statute, his intentions cannot be effectuated.”
In support of her contention that the section 11 of the Personal Property Law has been violated and that the corpus of the trusts attempted to be created by the decedent must now be distributed as intestate property, petitioner has leaned heavily on Matter of Fischer (307 N. Y. 149). Analysis of Mr. Fischer’s will as outlined by the court is of interest here. By paragraph First he gave his brother real estate. By paragraph Second he set up a trust for his surviving spouse of one third of all his property. Upon her death the principal was to become part of his residuary estate. By paragraph Third he provided for a residuary estate setting up an annuity in favor of his mother for her life, the balance of the residuary to be held until his grandchild reached 21; in the event the grandchild did not reach 21 but should sooner die, the trust was to be held for his grandnephew until he became 21 and upon the termination of both contingencies the balance of the corpus was to be distributed among certain sisters and a daughter. In that case the testator was clearly trying to *302 provide for income during the lives or periods of lives of both his grandson and his grandnephew before the property would vest. Since the trust for the benefit of the widow also fell into the residuary estate upon her death, it could be said that there could be three named lives in being who would be income beneficiaries before the corpus vested in absolute ownership.
Some similarity between the Fischer will and Mr. De Bono’s will is obvious. Under the latter’s will the principal of the trust under articles Sixth through Ninth may fall into the residuary and the principal of the widow’s trust under article Tenth will fall into the residuary. But Mr. De Bono did not specify two life beneficiaries of any trust of his residuary estate. He named one life beneficiary and if that beneficiary attained a certain age, the trust fund went absolutely to her or to him. It was contended on behalf of Mr. Fischer’s widow as it is contended here, that the trust for the widow unlawfully suspended the power of alienation by reason of the fact that it may be measured in addition to her own life by the life of the grandson and grandnephew. The Court of Appeals answered no. It determined that the trust was valid for the life of the widow and during the minority of the grandson.
If this court finds that the testator intended that if any of his four children for whom trusts were set up under article Eleventh should die before attaining the age of 35, that his or her share of those trusts must be divided equally and become part of the remaining trust or trusts of the residuary estate, and that this last direction is invalid, consequently following as it must, the mandate of the Court of Appeals to carry out as far as possible within the meaning of the statute the intention of the testator (Matter of Fischer, supra, p. 161), it must hold that the trusts of the residuary estate must not continue beyond the lives of any of the children for whom those trusts were set up. The trusts under articles Sixth through Ninth would be valid insofar as they went and insofar as they continued to be part of the trusts carved out of the residuary estate, but that upon the failure of any of the beneficiaries of the trusts of the residuary to attain age 35 and then become the outright owner of the trust fund, that trust fund would have to thereafter pass as intestate property of the decedent just as did the trust for the widow under the Fischer case, where it passed as intestate property after the end of two measuring lives, that is the widow and the grandson.
The court must, therefore, now determine whether at that point, that is, after the death before 35 of any of the beneficiaries of the trusts of the residuary estate, the provisions for the subse *303 quent divisions of the trust fund are invalid. Did the testator intend that the share held in trust for the child of the decedent who died before 35 was to be divided and distributed outright to the surviving children or was it to be divided and added to the trusts for the surviving children?
The petitioner concedes that if the testator had just worded the last part of the last sentence of article Eleventh differently, there could be no doubt that he meant outright distribution among the surviving children. The executor says that it is clear that the decedent intended outright distribution to the surviving children.
In considering the interpretations of the last nine words in article Eleventh, urged by the two opposite parties herein, the court is mindful of its discussion in Matter of McGuire (supra) where it also was required to consider two interpretations of a clause.
In determining what the decedent meant when he directed that the share be divided equally among his surviving children in accordance with terms of the particular paragraph of his will, this court finds from an analysis of decedent’s entire will and from a study of his testamentary plan as set out in that will, that it was the decedent’s intention that if any of his children for whom trusts were created pursuant to article Eleventh died before attaining the age of 35, the share for the child so held in trust would be divided equally and distributed outright among the other children of the decedent named in article Eleventh and living at that date.
The court determines that when the decedent used the words “ In accordance with the terms of this paragraph” he meant that such share should go to the surviving children who had been individually and specifically named. There is no basis for the court to find, as urged by the petitioner, that when the decedent said ‘ in accordance with the terms of this paragraph ” he meant that such a share should be added to a trust for a surviving child. The words “ shall be divided equally ” certainly suggest an outright division and that suggestion is stronger than any implication that the words ‘ ‘ in accordance with the terms of this paragraph ” must mean, by implication, in trust for the surviving child. This court notes, as pointed out by the executor, that when the decedent provided that property be held in trust as he did in other paragraphs of his will, he specifically said so. For instance, in the provision in article Tenth for decedent’s wife, the decedent specifically gave, devised and bequeathed to his trustees thereinafter named. In the provision in article Eleventh he gave, devised and *304 bequeathed to his friend and attorney and to a bank “ in trust nevertheless.” It would seem that if he intended that the shares of the children who died before 35 be held in further trusts he would not have said that the share should be divided equally among his surviving children but he would have said “ shall be divided into as many parts as there were children of his then living ” and he would have specifically given those parts to the trustees to hold in accordance with the terms of this paragraph. The court cannot read into this last sentence of article Eleventh a direction that the shares be held in trust nor can it imply that the testator intended that they be held in trust when such an intention could not be validly carried out. As heretofore noted the -court believes that the decedent clearly expressed his intention- that the shares go outright to the children if certain contingencies occurred. Even if the court was less than certain about the testator’s intention and felt that his words were ambiguous and he could have meant either one of two different things, the court is required as set forth in the cases heretofore discussed to adopt the interpretation which would validate the division and give effect to the disposition of the testator rather than to destroy it.
Accordingly, the court determines that the trusts created in articles Sixth, Seventh, Eighth, Ninth, Tenth and Eleventh do not violate section 11 of the Personal Property Law pertaining to the limitation of suspension of ownership. Under these circumstances, it is not necessary for the court to consider or determine the other matters of construction referred to in the petition.
In respect of allowances for counsel, fixation of same is reserved for supplemental decree to be entered after the time to appeal has expired, or if an appeal be taken, after final determination of the appeal.
Proceed accordingly on notice.