In the Matter of the Estate of JOSEPHINE L. HORTON, Deceased.

Surrogate's Court, Kings County, December 19, 1940.

*Stewart & Shearer* [*Williamson Pell, Jr.,* of counsel], for the United States Trust Company of New York, trustee, petitioner.

*Connolly & Frey* [*Edward J. Connolly, Jr.,* of counsel], for Mildred E. Pasfield and Louise G. Love, children of deceased life tenant, respondents.

*Jerome Kennedy,* for Rogers H. Woods, Majorie W. Barnum, Evelyn W. Purcell, Doris W. Stapleton and Anne L. Woods, grandchildren of decedent.

*Francis M. Verrilli* (*Harry M. Alfert* with him on the brief), special guardian for Horton Pasfield, Joan Pasfield, Gilbert Love and Richard Love, infant grandchildren of deceased life tenant, respondents.

Dodd, J., Acting Surrogate. The issue of construction in the present proceeding relates to the validity of the trust erected by the item of the will of this testatrix numbered " XI." This directed the erection of a fund, the income from which should be paid to testatrix's " son, Henry L. Horton, during his natural life, and after his death to pay the income thereof to his widow *if he leaves one*, during her life, and after her death to pay said part to his issue in equal parts." (Italics not in original.)

It is asserted in the answer of certain parties and in the briefs of all except the trustee, which possesses no interest in the outcome but has seen fit to abandon the traditional attitude of a disinterested stakeholder, that at the time the will was executed, the primary life beneficiary, Henry L. Horton, was unmarried. He married later, but his wife predeceased him.

The initial issue of construction relates to the validity of the second trust for the life of his wife. Whereas, in certain aspects a will speaks from the date of death of the testator, it is primary that this is not true as to the donees thereunder. As to such, the intention of the testator respecting the identity of the recipients of his bounty is determinable as of the date of the execution of the testamentary document. (*Matter of Hoffman*, 201 N. Y. 247, 255; *Morris* v. *Sickly*, 133 id. 456, 459; *Matter of Title Guarantee & Trust Co.*, 195 id. 339, 344; *Matter of Thompson*, 217 id. 111, 114; *Salter* v. *Drowne*, 141 App. Div. 352, 356; affd., 205 N. Y. 204; *Man* v. *Man*, 197 App. Div. 547, 549; *Matter of Weil*, 151 Misc. 841, 848; affd., 245 App. Div. 822.)

The inquiry then becomes one of what this particular testatrix had in mind on June 14, 1893, when she directed that upon the death of her unmarried son, the income of the trust which she was erecting for his primary benefit should be payable " to his widow, if he leaves one, during her life." Since he was unmarried and there is nothing in the record to indicate that he contemplated marriage, she obviously can have had no particular wife in mind. It follows, therefore, that any woman who bore that relationship to him at the time of his death would comply with the description, with the result that the secondary life beneficiary might conceivably be a person who was not in being at the death of the testatrix, with the result that such secondary life estate would, in such contingency, be invalid. (*Matter of Lyons*, 154 Misc. 368, 369; affd., 271 N. Y. 204; *Matter of Terwilligar*, 135 Misc. 170, 175; affd., 230 App. Div. 763; *Matter of Davison*, 134 Misc. 769, 771; affd., 230 App. Div. 867.)

In the language of the will the testatrix, however, provided for alternate contingencies. She wished her son in every event to

enjoy a primary equitable life estate, and she intended that his issue should receive the remainder upon the termination of the trust. Her gift of the second equitable life estate to her son's wife was, however, expressly conditioned on the unpredictable future event; " if he leaves one." There is consequently here presented the occasionally encountered exception to the usual test of possibility of invalidity. If the son left no wife surviving him, the second invalid life estate would not come into being, whereas if he did, it would.

The situation, therefore, comes within the rule that " where a limitation is made to take effect on two alternate events, one of which is too remote and the other valid as within the prescribed limits, although the gift is void so far as it depends on the remote event, it will be allowed to take effect on the happening of the alternative one." (*Schettler* v. *Smith*, 41 N. Y. 328, 336. See, also, *Fowler* v. *Depau*, 26 Barb. 224, 237; *Matter of Trevor*. 239 N. Y. 6, 17; *Tiers* v. *Tiers*, 98 id. 568, 573; *Church* v. *Wilson*, 152 App. Div. 844, 850; affd., 209 N. Y. 553; *Matter of Mount*, 107 App. Div. 1, 7; affd., 185 N. Y. 162; *Matter of Johnson*, 233 App. Div. 587, 590; *Cross* v. *United States Trust Co.*, 61 Hun, 282, 297; *Matter of Von Deilen*, 154 Misc. 877, 885, 886; *Matter of Chambers*, 167 id. 843, 847; *Matter of Korn*, 171 id. 409, 413.) Here the express condition imposed on the effectiveness of the invalid secondary life estate failed of fulfillment since the son left no wife, wherefore the invalid, non-occurring alternate contingency will be deleted and the remainder is now payable to the issue of the son, *per stirpes*.

Enter decree on notice in conformity herewith.