In the Matter of the Estate of EMILY M. COPP, Deceased.

Surrogate's Court, New York County, May 21, 1941

*James M. Fawcett*, for the petitioner.

*Bouvier & Beale* [*C. S. Huffman, Jr.*, of counsel], for Dorothy Nicol Wood, respondent.

*Max Ash*, for Ottilie M. Copp, as executrix, etc., of William Maltby Copp, deceased, respondent.

*Harry K. Davenport*, special guardian.

*Henry Woog*, for Ottilie M. Copp, individually, respondent.

FOLEY, S.   A construction of the will is sought in this trustees' accounting.   The testatrix executed her will on April 12, 1912. She died on March 1, 1918.   She was survived by a son, William Maltby Copp, and a daughter, Ethel Copp Nicol, as her sole heirs at law and next of kin.   Her son died on March 15, 1940, without issue, survived by a widow, Ottilie M. Copp, whom he had married on June 5, 1928.   By his will he appointed her executrix of his estate.   Ethel Copp Nicol, the daughter of the testatrix, is living and has issue.

The testatrix devised and bequeathed her entire estate, in trust, to " pay one-half of the net income of said estate to my son, William Maltby Copp, during his life, and at his death, if he leave a widow him surviving, to pay one-sixth of the net income of said estate to her during her life, dividing one-third of the net income of said estate equally between his lawful children, and at her death, or if he leave no widow then at his death, to divide the principal of one half of my estate equally between his lawful children and the issue of such child or children as may have deceased, said issue to take the portion its parent would have taken if living."

She directed the payment of the net income of the other one-half of her estate to her daughter for life, with remainder over to her children and the issue of deceased children. She then provided as follows: " *And,* in case said son or daughter should die without lawful issue, then and in that event I direct that such payments or distribution, as hereinbefore are directed to be made to the issue of the one so deceased, be made to the issue of the other as hereinbefore provided; and, if at the time herein directed for the payments or distribution of any part of my estate there is no one to take as heretofore provided, then and in that event I direct that distribution be made as would be had I died intestate under the Laws of the State of Connecticut, now in force."

The questions to be determined involve (1) the validity of the secondary trust for " a widow " of William Maltby Copp, the primary life tenant of one-half of the income, and (2) if invalidity of the trust be decreed, the disposition of the remainder.

(1) At the date of the execution of the will of the testatrix, her son was unmarried. He did not marry his wife who survived him until approximately ten years after the death of the testatrix. The will did not preclude the possibility that he might marry a person who was not in being at her death. It is equally clear that the testatrix could not be thinking of a living person when she referred to " a widow " of her son.

It is the settled law of this State that where a secondary life estate is limited upon the life of any wife whom the primary life tenant might marry, it is void. (*Schettler* v. *Smith,* 41 N. Y. 328; *Van Brunt* v. *Van Brunt,* 111 id. 178; *Meeker* v. *Draffen,* 201 id. 205; *Matter of Trotter,* 175 Misc. 356.) Such wife may be a person born after the death of the testator and thus not in being at the date of the creation of the estate. To render future estates valid, they must be so limited that in every possible contingency they will absolutely terminate within the prescribed period of two lives in being. (*Schettler* v. *Smith, supra.*) Since under the terms of the will the son of testatrix might have married a person who was

not born at the death of the testatrix, the trust attempted to be created by the testatrix is void and ineffectual.

(2) On the second question of construction raised as to the provisions for the distribution of the remainder of the trust, I hold that they are likewise ineffectual. Distribution of the remainder was directed by the testatrix to be made either upon the death of any widow her son might leave him surviving, or if he left no widow, then upon his death. Having left a widow, distribution was postponed until her death. Distribution also was to be made to a class. The membership of that class under the terms of the will could become fixed only upon the death of the widow. Within the class who might take at her death were children of the son and the issue of deceased children. If he left no issue, the remainder was payable to the issue of the daughter of the testatrix, and " if at the time herein directed for the payments or distribution of any part of my estate " there was no one to take, as theretofore provided, then distribution was to be made as if the testatrix had died intestate and in accordance with the laws of the State of Connecticut. Included, therefore, within the class who might take were issue of the daughter who might be born after the son's death. Furthermore, survivorship at the date of the death of the widow was a condition of the gift. The remainder is, therefore, clearly contingent. (*Matter of Baer*, 147 N. Y. 348; *Matter of Kimberly*, 150 id. 90; *Matter of Crane*, 164 id. 71; *Gilliam* v. *Guaranty Trust Co.*, 186 id. 127; *Salter* v. *Drowne*, 205 id. 205; *New York Life Ins. & Trust Co.* v. *Winthrop*, 237 id. 93; *United States Trust Co.* v. *Nathan*, 196 App. Div. 126; affd., 233 N. Y. 505; *Matter of Einstein*, 113 Misc. 105.) Being contingent and limited upon an illegal event, it is absolutely void. (*Schettler* v. *Smith, supra; Matter of Wilcox*, 194 N. Y. 288; *Matter of Terwilliger*, 135 Misc. 170; affd., 230 App. Div. 763.) It cannot be accelerated. (*Matter of Silsby*, 229 N. Y. 396; *Matter of Durand*, 250 id. 45.) Acceleration may be resorted to only in cases where the remainder is vested. For the foregoing reasons, the contention that the remainder vested upon the death of the son in the issue now living of the daughter of the testatrix must be overruled. I hold that the testatrix died intestate as to the principal of the trust accounted for and it passed, in equal shares as of the date of her death, to her son, William Maltby Copp, and to her daughter, Ethel Copp Nicol, as her only heirs at law and next of kin under our statutes.

Among the assets of the trust is certain real property located in the State of New York. The testatrix's son, William Maltby Copp, died testate, a resident of the State of South Carolina. His will purports to give all of his residuary estate, real and personal, to his

widow, Ottilie M. Copp, for the duration of her life, and upon her death, to his next of kin. His widow contends that since she received under his will a life estate in all of his property and a remainder in fee, as one of two next of kin under the laws of South Carolina, in one-half of his property, there was a merger of the two estates. She seeks in this proceeding to have this court so construe her interests under her husband's will in so far as it affects his real property located in the State of New York. I hold that no construction of the will of William Maltby Copp may be had in this proceeding. Upon the death of the testatrix here, the intestate share of the real property vested in her son as an heir and distributee. Upon his death his share passed under his will to his devisees. Any determination, therefore, as to the devolution of the real property under his will must be made in an appropriate proceeding in his estate and not in the estate of this testatrix.

Pursuant to the arrangement of counsel for the parties, which was approved by the surrogate, objections to the account may be served and filed within two weeks from the date of the publication of this decision.

Proceed accordingly.