In the Matter of the Accounting of City Bank Farmers Trust Company, as Trustee under the Will of Thomas L. Manson, Deceased.

Surrogate's Court, New York County, February 23, 1949.

*Mitchell, Capron, Marsh, Angulo & Cooney* for trustee, petitioner.

*Solomon Raffe* for John T. Sherman, as general guardian of Dorothea Van R. Sherman, and as executor of Barbara Van R. Sherman, deceased, respondent.

*Clyde Tooker* for Kiliaen Van Rensselaer, individually and as executor of Dorothea Van Rensselaer and another, deceased, respondent.

Collins, S. In this trustee's accounting a construction is sought respecting paragraph ninth of the will. Thereunder tes-

tator gave $150,000 in trust to pay the income to his son, Thomas L. Manson, Jr., for life, and upon his death to pay the principal to his issue surviving him. He then provided that in case no issue survived the son " but he shall be survived by a wife " that the trustee continue to hold said sum in trust: " and to pay over the net income therefrom to his wife during the term of her natural life, and, upon her death, or in case she does not survive him, to pay over the said sum of One hundred fifty thousand Dollars ($150,000) to my daughter DOROTHEA VAN RENSSELAER; or, if she be dead at that time, to her lawful issue then living, per stirpes and not per capita; or if she be dead at that time leaving no lawful issue surviving her, then to her heirs at law and next of kin." Testator died in 1918, leaving a will executed in 1917. The assets of his estate were insufficient to satisfy in full the legacies and trusts bequeathed by the will and the decree dated October 10, 1924, settling the executor's account directed a proportionate abatement of them, allocating to this trust about $120,000. Testator's son, Thomas L. Manson, Jr., died in 1948 without issue, thus terminating the trust for his benefit. He was survived by his wife, Clare, whom he had married in 1938. Testator's daughter, Dorothea Van Rensselaer, named in paragraph ninth, died in 1927, survived by a daughter, Barbara Van Rensselaer Sherman, as her only issue. The latter died in 1942 leaving surviving as her only issue a daughter, Dorothea Van Rensselaer Sherman.

It is conceded and it is settled law that the life estate attempted to be created for the son's surviving wife, Clare, cannot be sustained. Where a secondary life estate is limited upon the life of any wife whom the primary life tenant might marry it is void as violating the rule against perpetuities (*Schettler* v. *Smith,* 41 N. Y. 328; *Van Brunt* v. *Van Brunt,* 111 N. Y. 178; *Meeker* v. *Draffen,* 201 N. Y. 205; *Matter of Trotter,* 175 Misc. 356; *Matter of Copp,* 176 Misc. 777). Such wife may be a person born after the death of the testator and not in being at the date of the creation of the estate.

The question therefore arises as to disposition of the remainder. That determination depends upon whether the remainder is vested or contingent. It is plain here that futurity is annexed to the gift of the remainder. Distribution was directed in the first instance to be made to the issue of the primary life tenant surviving him, if he left issue, and until his death it could not be ascertained whether he left issue or who they might be. Vesting as to such issue was postponed until his death. Testator further provided that in default of issue of his son a trust be created for his wife, if he left a wife surviving, and distribution of the

remainder was directed to be postponed until her death. At that time if he left his daughter surviving she became, under the terms of the will, the legatee of the remainder provided she survived the wife. The gift to the daughter was contingent upon her outliving the wife. If the daughter predeceased the wife the gift was to her issue living at the date of the death of the wife, and in default of issue, then to her heirs at law and next-of-kin. Being postponed for issue, it was postponed for next-of-kin (*New York Life Ins. & Trust Co.* v. *Winthrop,* 237 N. Y. 93). Thus it is apparent that the remainder was ultimately to take effect at the date of death of the wife and that the person or persons who might then take were not ascertainable until that date. Survivorship to the death of the widow was a condition of the gift of the remainder. It was, therefore, clearly contingent (*Matter of Baer,* 147 N. Y. 348; *Matter of Crane,* 164 N. Y. 71; *Gilliam* v. *Guaranty Trust Co.,* 186 N. Y. 127; *Salter* v. *Drowne,* 205 N. Y. 204; *New York Life Ins. & Trust Co.* v. *Winthrop, supra; United States Trust Co.* v. *Nathan,* 196 App. Div. 126, affd. 233 N. Y. 505; *Matter of Copp, supra; Matter of Einstein,* 113 Misc. 105). Being contingent, it cannot be accelerated (*Matter of Silsby,* 229 N. Y. 396; *Matter of Durand,* 250 N. Y. 45; *Matter of Halsey,* 286 N. Y. 154; *Matter of Copp, supra*). As a result, no valid disposition of the remainder was made in paragraph ninth of the will.

We come now to ultimate distribution. The trust under paragraph ninth was not part of the residuary estate. It was for a fixed amount carved out of the general estate and not part of the residuary disposition. *Beekman* v. *Bonsor* (23 N. Y. 298) has, therefore, no application. Since, however, there was an abatement of the legacies and trusts under the will, the remainder of the trust accounted for should be first applied toward their payment in full (*Matter of Thompson,* 126 Misc. 99, mod. 218 App. Div. 130, affd. 245 N. Y. 565; *Matter of Reynolds,* 124 Misc. 435, affd. 215 App. Div. 763, revd. on other grounds 242 N. Y. 389; *Matter of Farmers' Loan & Trust Co.,* 186 App. Div. 722, mod. on another point 226 N. Y. 691; *Matter of Title Guar. & Trust Co.,* 195 N. Y. 339, revg. 127 App. Div. 118). There can be no rest, residue or remainder until all legacies and trusts have been satisfied in full. If, after the legacies and the other trusts have been paid in full there is left any part of the remainder, it should be distributed in accordance with the residuary clause which is broad enough to carry all undisposed of provisions in the will (*Lamb* v. *Lamb,* 131 N. Y. 227).

Submit decree on notice construing the will and settling the account accordingly.