In the Matter of the Accounting of MANUFACTURERS TRUST COMPANY, as Trustee under the Will of CAROLINE BROMBACHER, Deceased.

Surrogate's Court, Kings County, January 28, 1953.

*Cullen & Dykman* for trustee, petitioner.

*Albert W. Meisel* for Women's Missionary Society of Saint Ann's Church, Brooklyn Heights, N. Y.

*Donald J. Turrill* for Florence D. Brombacher.

RUBENSTEIN, S. On this accounting proceeding a construction of the testatrix' will and codicil is necessary in order to determine the proper distribution of the remainder of the trust created for the benefit of her son, Charles Brombacher.

The testatrix died on March 25, 1932; her will dated June 6, 1908, and a codicil thereto dated February 21, 1925, were duly admitted to probate in this court on April 23, 1932. The testatrix was survived by two daughters and two sons, to each of whom she bequeathed the income for life from trusts created for them by paragraph " Third " of her will.

The will provides that upon the death of any of her children, the trust fund of such child shall be distributed in equal shares to his or her " lawful issue " and failing issue, the trustees are directed to pay over and distribute the corpus of such trust

in equal shares to the brothers and sisters named as remaindermen of each trust. One of the testatrix' daughters, namely, Caroline G. Stacey, died in 1936 without issue her surviving, and the corpus of her trust was distributed among her sister and two brothers in accordance with the terms of paragraph " Third " of the will.

By the codicil, the testatrix provided that " if either " of her sons died " leaving no lawful issue, but leaving a wife surviving, then " at that time her executors are to distribute only one half of the trust fund as provided for in the will and " the other half they shall hold and pay the income therefrom to his widow during her lifetime." On October 3, 1950, the testatrix' son, Charles, died without issue, leaving him surviving his widow, Florence D. Brombacher, his brother, Augustus and his sister, Anne.

The will and codicil read together constitute the will of the testatrix (*Hard v. Ashley,* 117 N. Y. 606–613). Reading the two instruments together, it is obvious that the testatrix intended to create secondary trusts for the " widow " of each of her two sons. The testatrix did not name any particular person whom she may have had in mind as the prospective wife of either of her sons. Her sons were not married at the date of the execution of her will. In fact, one of them has never married. The language of the codicil refers to the " widow " which description would apply to any widow either of her sons might leave him surviving. Such widow might have been a person not in being at testatrix' death. Therefore, said secondary trusts are invalid (*Schettler v. Smith,* 41 N. Y. 328–338; *Matter of Kerwin,* 161 Misc. 364; *Matter of Trotter,* 175 Misc. 356; *Matter of Horton,* 175 Misc. 542, 543; *Matter of Copp,* 176 Misc. 777; *Matter of Manson,* 194 Misc. 972; Real Property Law, § 42; Personal Property Law, § 11).

The question, therefore, arises as to the disposition of the remainder of the trust which terminated upon the death of Charles. One of Charles' sisters, namely, Caroline G. Stacey, survived testatrix but predeceased Charles. The specific question is whether Caroline had a vested remainder in said trust. There are no words of survivorship attached to the gift of the remainders of each trust (*Matter of Krooss,* 302 N. Y. 424, 429), and in the absence of unequivocal language in the will, the court will not imply a different intention on the part of the testatrix (*Matter of Leonard,* 143 Misc. 172, 175, 181; *Stringer v. Young,* 191 N. Y. 157; *Connelly v. O'Brien,* 166 N. Y. 406; *Hersee v. Simpson,* 154 N. Y. 496).

Each of the testatrix' children took vested interests upon the death of the testatrix in the remainders of the respective trusts of their brothers and sisters subject to be divested upon their death leaving issue them surviving. Caroline G. Stacey, Anne C. Brombacher and Augustus F. Brombacher, Jr., are named as the remaindermen of Charles' trust subject to divestment only on his leaving issue him surviving. That eventuality never occurred. Therefore, the corpus of his trust passes to the named remaindermen (*Matter of Watson*, 262 N. Y. 284, 299; *Matter of Banker*, 223 App. Div. 496, affd. 248 N. Y. 596; *Matter of Elting*, 268 App. Div. 74, affd. 294 N. Y. 941; *Matter of Chisolm*, 108 N. Y. S. 2d 490, affd. 280 App. Div. 872).

The court, therefore, determines that the remainder of Charles' trust is payable, one third to the legal representative of Caroline G. Stacey and one third each to Anne C. Brombacher and Augustus F. Brombacher, Jr.

The determination of the disposition of the remainder of the trusts upon the death of the last income beneficiaries is presently academic (*Matter of Mount*, 185 N. Y. 162).

Submit decree, on notice, accordingly.