In the Matter of ROBERT S. WOLFSOHN et al., as Trustees Under a Declaration of Trust Made by MYER D. WOLFSOHN, Respondents. MAE K. WOLFSOHN, Appellant; C. VICTOR RAISER, II, Guardian ad Litem of ROBERT WOLFSOHN et al., Infants, Respondents.

Fourth Department, January 18, 1973.

274

*Kelberg & Dorff* (*Richard L. Dorff* of counsel), for appellant.

*Ryan, Setel, Whitcher & Dopkins* (*Richard B. Dopkins* of counsel), for trustees, respondents.

*C. Victor Raiser, II,* guardian ad litem for infants, respondents.

MARSH, J. This is an appeal from an order excising certain portions of a trust agreement, declaring valid the remaining provisions of the agreement, and settling the intermediate accounts of the trustees.

By instrument dated February 19, 1960, Myer D. Wolfsohn, as grantor, conveyed irrevocably certain property to Robert S. Wolfsohn, Howard L. Wolfsohn, his sons, and Eugene M. Setel, as trustees. Under the terms of the indenture, the following disposition of income and principal was directed:

" (a) During the life of the Grantor, the Trustees shall pay to him annually, or at more frequent intervals, or shall apply for his sustenance, maintenance, support, comfort or well-being the net income of and from the principal of this trust.

" (b) Upon the death of the Grantor, the Trustees shall pay or apply to or for the sustenance, education, maintenance, sup-

port, comfort or well-being of Grantor's issue, in equal shares per stirpes and not per capita, the net income of and from the principal of this trust.

"(c) Upon the death of the survivor of Robert S. Wolfsohn and Howard L. Wolfsohn, or upon the death or attainment by the youngest of the issue of Robert S. Wolfsohn or Howard L. Wolfsohn living at the time of the Grantor's death of the age of twenty-five (25) years, whichever shall occur last, the Trustees shall pay, transfer, convey and set over absolutely to Grantor's issue living at the time of such event the principal of this trust in equal shares per stirpes and not per capita to be his, hers or theirs, as the case may be, free of this trust absolutely and forever."

The grantor died on March 27, 1966, leaving a last will and testament, which was admitted to probate by the Surrogate's Court of Erie County on February 7, 1967. Petitioners, Robert S. Wolfsohn and Howard L. Wolfsohn, are the executors of said will. Under the provisions of the will, one third of the residuary estate was bequeathed in trust for the life of grantor's surviving spouse, Mae Kaplan Wolfsohn, with the remainder over to grantor's sons (outright to Howard, in trust for Robert).

At the time of the creation of the trust, the grantor had two children and two grandchildren. Of his three present grandchildren named in the petition, one was born subsequent to the execution of the trust agreement.

The trustees applied to the Supreme Court for an order judicially settling their intermediate account, allowing Robert S. Wolfsohn and Howard L. Wolfsohn to resign, and construing the trust agreement to determine whether there was a violation against the Rule against Perpetuities.

The court held that the trust as written violated the Rule against Perpetuities, but that the offending language should be excised and that the remainder of the trust agreement was valid. The court also granted fees to the trustees' attorneys and the guardian ad litem, but denied an allowance to the attorneys for the surviving spouse.

The parties all agree that the trust agreement as written violated the Rule against Perpetuities. Under the trust the principal would have been paid to grantor's issue living at the time of either (1) the death of the survivor of the grantor's two sons, or (2) the death or attainment of the age of 25 by the youngest of grantor's sons' issue living at the time of grantor's death, whichever should occur last. Under the trust as excised by the **court,** the trust principal would be paid to the grantor's issue

living at the time of the death of the survivor of grantor's two sons.

Case law is explicit that the excision of an intermediate estate will not permit the acceleration of remainders unless such remainders are vested. That is to say, no contingent remainder will be permitted to accelerate.

In *Matter of Fischer* (307 N. Y. 149), the Court of Appeals excised the life of a grandnephew as a measuring life for a widow's trust subsequent to the widow's death, thus preserving the widow's trust during her lifetime and during the minority of a grandson. The court would not, however, accelerate the remainders (pp. 160–161): " The question remains as to what disposition is to be made of the residue of the corpus of the widow's trust in the event of the grandson's attaining majority or his prior death. In addition to naming specific remaindermen, testator provided for substituted gifts based upon survivorship at the termination of the residuary estate. Survivorship at the time of distribution of the residuary estate is thus a condition of the gift to the remaindermen [citation of cases] and, accordingly, their interests are contingent. [Citation of cases.] The remainder may not, therefore, be accelerated, for it has long been settled in this State that the law will not accelerate a contingent remainder. [Citation of cases.] It follows that the residue of the corpus of the widow's trust must pass as intestate property to testator's distributees upon the termination of the grandson's measuring life."

The cases hold without exception that a contingent remainder cannot be accelerated.

" The law does not accelerate remainders except in favor of the same persons who would take them if the intermediate estate, expunged as illegal, had been allowed to run its course. (*Matter of Durand* [250 N. Y. 45, 55]; *Kalish* v. *Kalish*, 166 N. Y. 368.) " (*Matter of Maloney*, 8 A D 2d 756, 757, affd. 7 N Y 2d 863.) (See, also, *Matter of Schirmer*, 45 Misc 2d 1063; *Matter of Copp*, 176 Misc. 777; *Matter of Chambers*, 167 Misc. 843.)

The gift by the grantor Myer D. Wolfsohn to his issue living at the date of the termination of the trust was a class gift the members of which were not to be determined until the happening of a specific event, hence, the makeup of that class could not be determined until the event happened. Such a gift to a class, the membership of which is to be fixed at a future date and conditioned upon survival to that date, is a contingent gift (*Matter of Copp, supra*). The estate measured by the life of the youngest grandson living at the date of the grantor's death is clearly

an intermediate estate (*Matter of Fischer, supra*). Hence, if the trust provision which continues it until the grandson reaches 25 or sooner dies is excised, the remainders contingent upon it cannot be accelerated and the property must pass under the residuary clause of the grantor's will or by intestacy.

There is another alternative which is fully discussed in *Schettler* v. *Smith* (41 N. Y. 328). In that case the testator left his property in trust with income payable to his son for life. Upon his son's death it was payable to his son's widow for life and then the remainder to the son's issue surviving. The court ruled that the provision for the widow was invalid in that the widow was a person who was not necessarily in being on the date of the testator's death. The alternative disposition was to the son and then to his issue if no widow survived. The latter disposition is what actually occurred as the son died with no widow surviving and the property went to his issue then living. The court upheld the limitation as it actually took effect and the validity of the remainder interest.

'' Why should not the latter take effect upon the occurrence of the events, upon which it was made to depend. The authorities sustain its validity. Lewis on Perpetuities (501, 2), says, that where a limitation is made to take effect on two alternative events, one of which is too remote and the other valid as within the prescribed limits, although the gift is void so far as it depends on the remote event, it will be allowed to take effect on the happening of the alternative one.'' (*Schettler* v. *Smith, supra*, p. 336.)

This same principle obtains in *Matter of Chambers* (167 Misc. 843, *supra*). There testator established a trust for the life of his wife, then to his son James for life with remainder as James appoints by will or absent appointment to his issue and if no issue, to son Charles for life. The court held that the limiting alternative which established an impermissible third life would not invalidate the trust remainder in that son James died leaving a will which validly appointed the property, thus avoiding the suspension of the trust corpus for an impermissible third life. *Matter of Chambers,* like the *Schettler* case, involved events subsequent to the death of the testator, but which events had already transpired in accordance with a mode of disposition consonant with the Rule against Perpetuities (see, also, *Matter of Horton,* 175 Misc. 542).

Prospective effect to the consideration of alternate contingencies was given in *Matter of Kahn* (42 N. Y. S. 2d 298) and in *Matter of New Rochelle Trust Co.* (50 N. Y. S. 2d 602). In

both cases neither the valid nor the invalid contingencies had occurred and the respective courts ruled that the determination as to the validity of the trust remainders should abide the event. If the invalid contingency eventuated, then the invalid limitation and remainder thereon would be void and the property would pass by intestacy or under the residuary clause of the will as the case might be.

The instant trust is validly operating during the lives of the surviving sons and it is quite unlikely that the invalid life of the youngest grandchild living at the grantor's death will ever be used as a further measuring life, since the trust terminates at the death of the two sons if the youngest grandchild is then 25 or deceased At the death of the survivor of the sons it can be determined whether the youngest grandchild living at the date of the grantor's death is then 25 or deceased. If such is the case, the trust will validly terminate with remainders to the grantor's issue then living per stirpes. If the youngest grandchild is not 25, then the trust would not be permitted to continue for a life not in being at the creation of the instrument. It is unnecessary at this time to determine the validity of the trust upon the basis of an invalid contingency which might never eventuate (*Matter of Mount*, 185 N. Y. 162).

In view of the well-argued position by the attorneys for the surviving spouse of the grantor, there appears to be no reason to deny attorneys' fees and disbursements.

The order appealed from should be modified, by deleting the provisions that excise that portion of the trust agreement which the court held violated the Rule against Perpetuities and that permit the vesting of the trust principal within the permissible period of lives in being, by providing that the validity of the trust provisions should not now be determined, and by reversing that portion of the order which denied the surviving spouse's counsel fees and disbursements, and remitting the case for such award, and as so modified, affirmed.

DEL VECCHIO, J. P., WITMER, MOULE and CARDAMONE, JJ., concur.

Order unanimously modified in accordance with opinion and as so modified affirmed, with costs payable to all parties filing briefs, payable out of the estate.